BROGAN ET AL., APPELLANTS, *v.* HAGAN ET AL., APPELLEES.

(No. C-850220—Decided February 12, 1986.)

*Kenneth F. Seibel,* for appellants.
*Albert T. Brown, Jr.,* for appellee James E. Hagan.
*John G. Patten, Jr.,* for appellee Margaret McIlvain.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This action was instituted as a result of an automobile accident between one of the defendants (James E. Hagan) and plaintiff-appellant Emily Brogan. She sought damages for medical expenses, pain and suffering and other relief. Thomas Brogan also sought damages. His claim is that, as a result of the negligence of defendant Hagan, he, Thomas Brogan, "was denied the love, affection and consortium of his wife, Emily Brogan." Defendant Margaret McIlvain was included as a defendant upon the theory of negligent entrustment. The details of the accident for the purpose of consideration of this appeal are of no moment. The defendants conceded liability and thus the jury had only the issue of the quantum of damages. The verdicts for the plaintiffs totaled $70,000 upon which judgment was entered. The jury awarded Thomas Brogan $10,000; his wife received $60,000.

We include, verbatim, the first and second assignments of error as follows:

### First

"The trial court erred to the prejudice of the plaintiffs-appellants by joining three insurance companies that had paid medical benefits to plaintiffs, Emily and Thomas Brogan, when the companies had waived all rights of subrogation to those benefits."

### Second

"The trial court erred to the prejudice of the plaintiffs-appellants by in-

forming the jury that certain medical expenses of the plaintiffs had been paid by insurance."

The third assignment challenges the trial court's ruling that certain photographs of defendant McIlvain's pickup truck, damaged in the accident, were inadmissible as work product. The final error assignment (number four) claims abuse of discretion by the trial court in permitting the defendants to amend their answers.

Of course, inherent in their appeal is the contention of the appellants that, without the prejudicial errors raised in the four error assignments, the jury would have awarded them much larger amounts than the $70,000. It seems uncontroverted that as a result of an independent agreement between the appellants and three medical insurance carriers (Nationwide, Blue Cross and Blue Shield), the appellants are committed to payments of certain amounts to the three carriers for the carriers' payment of medical bills. We have not been advised of the exact amounts due the medical carriers, but the total is less than $17,000.

Manifestly, then, the Brogans were awarded damages, although less than the prayer of their complaint. However, the verdict amounts are much more than nominal awards.

Insofar as assignment of error three is concerned, challenging an evidentiary ruling of the trial court, the ruling was without prejudice to the prevailing parties, the plaintiffs-appellants. The final assignment of error (number four) remonstrates that the court below erred by permitting the defendants to amend their answers. Authorization to amend was well within the court's broad discretion in such matters. These two assignments of error are meritless and are overruled.

The first two assignments, *supra,* are more troublesome, raising as they do the specter of the collateral source rule. Appellants rely strongly upon *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104 [52 O.O.2d 395], which contains a procedural posture significantly different from the matter *sub judice.* In *Pryor,* the appellant was an obviously aggrieved party; the judgment went against her. In other words, she lost in the Court of Common Pleas of Franklin County. Here the appellants received a favorable verdict by the jury; and, generally, a party receiving a favorable verdict cannot claim prejudicial error in the trial of a case.

We find that if the plaintiffs-appellants were dissatisfied with the $70,000 judgment and wanted to challenge it through legal procedures, they were required to make a motion for a new trial pursuant to Civ. R. 59 before appealing.[1] In so concluding we adhere to the rule enunciated in *McHale* v. *Jenkins* (June 29, 1983), Hamilton App. No. C-820705, unreported[2]:

"By not making a motion for new trial, plaintiffs failed to raise the alleged errors before the court below, and cannot now raise them for the first time on appeal. We will not assume error prejudicial to the plaintiffs absent any attempt on their part to raise the claimed errors to the trial court in time to allow the trial court the opportunity to redress them.

"Finding that a motion for a new trial was a condition precedent to the bringing of this appeal, which condition plaintiffs did not meet, we need not further address the details of plaintiffs' allegations. Plaintiffs' assignments of

---

[1] Civ. R. 59 provides a number of potential grounds for the relief which appellants now tardily seek.

[2] A motion to certify the record to the Supreme Court of Ohio was overruled on October 26, 1983 (case No. 83-1357).

error are accordingly overruled, and the judgment is affirmed." *Id.* at 5.

Elsewhere in *McHale* v. *Jenkins* there appears the following additional rationale for the decision:

"In their fourth and last assignment, the real gravamen of plaintiffs' complaint appears. In this assignment, plaintiffs assert that the verdict of the jury was not sustained by the weight of the evidence because, plaintiffs argue, the award was not adequate compensation for the injuries and damages they suffered as a result of this accident. Nonetheless, the judgment, albeit insufficient in the eyes of plaintiffs, was rendered in their favor, and the trial court, without more,was entitled to conclude that the matter was ended with the entry of judgment in plaintiffs' favor. This being the case, the only appropriate way for plaintiffs to disabuse the trial court of this necessary conclusion was to present their claim to the trial court in the form of a Civ. R. 59 motion for a new trial. Under that rule, plaintiffs could have sought a new trial on, arguably, any one or more of at least three grounds, substantially those upon which plaintiffs now base their assignments of error * * *. If satisfied, upon hearing the grounds argued, the trial court could have redressed the error by granting a new trial. It was never afforded the opportunity." *Id.* at 3-4.

*McHale* v. *Jenkins, supra,* was discussed and considered during the course of appellate oral arguments. Appellants' principal reaction to *McHale* v. *Jenkins* is their explanation that a motion for a new trial was not made following entry of the judgment because it was believed that such a motion would be inefficacious. That cannot be considered a sound reason for a prevailing (albeit ungratified) party to forego a motion for a new trial in favor of conserving the potential grounds for future use in an appellate court. Arguably, a seasonably made motion for a new trial below may well have avoided the entire appellate process in this matter.

Plaintiffs' four assignments of error are accordingly overruled. We follow *McHale* v. *Jenkins.* Assignments three and four fail for the additional reasons explicated earlier in this decision. We affirm the judgment below.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and KLUSMEIER, JJ., concur.