HENRY, APPELLEE AND CROSS-APPELLANT, *v.* SEREY, APPELLANT AND CROSS-APPELLEE.

(No. C-870754—Decided April 19, 1989.)

*Aronoff, Rosen & Stockdale* and *Paul B. Martins,* for Elmer D. Henry.

*Dooley & Heath Co., L.P.A.,* and *James V. Heath,* for John B. Serey.

*Per Curiam.* This cause came on to be heard upon the appeal and the cross-appeal from the Court of Common Pleas of Hamilton County.

On August 9, 1983, defendant-appellant, John B. Serey, was driving his mother's 1974 Volkswagen Beetle northbound on I-71, near the Stewart Road exit. The left rear wheel of the Volkswagen separated from the vehicle, crossed into the southbound lanes, and struck the pickup truck driven by plaintiff-appellee, Elmer D. Henry, causing the windshield to shatter.

Appellee and his wife, plaintiff Emma Henry, filed a complaint against appellant, alleging that appellant's negligent operation of the Volkswagen caused appellee to suffer personal injuries and economic losses. Appellee was employed as a fire fighter for the city of Cincinnati and as an installer of storm doors and windows for Sears, Roebuck & Company. Emma Henry claimed loss of services and consortium. Appellant filed a third-party complaint against Ruwe Auto Body, Inc. Prior to trial, Emma Henry's cause of action was dismissed, as was appellant's third-party complaint against Ruwe Auto Body. Following a jury trial, a verdict was returned in favor of appellee in the amount of $25,000. Appellant timely appealed, and appellee cross-appealed.

Appellant's first assignment of error alleges:

"The trial court erred to the prejudice of defendant-appellant in allowing evidence of plaintiff-appellee's property damage and [the] replacement costs of plaintiff-appellee's motor vehicle."

Appellant argues under his first assignment of error that the trial court erred in permitting appellee to state that he bought a vehicle for $9,750 to replace the pickup truck which was a total loss. A review of the record reveals that on direct examination appellee made an isolated reference to the fact that he bought a replacement vehicle for which he paid $9,750. Defense counsel cross-examined appellee as to the purchase of the replacement vehicle and its cost. Appellee did not argue that he should be awarded the replacement cost of his vehicle. The trial court correctly instructed the jury that the measure of damages was the difference in the fair market value of appellee's pickup truck immediately before and immediately after the accident. We find no prejudicial error in the admission of the testimony.

Appellant also argues that the trial court erred in admitting into evidence the N.A.D.A. (National Automobile Dealers Association) Official Used Car Guide for August 1983, in order to establish the value of appellee's pickup truck prior to the accident. We find the exhibit was properly admitted pursuant to Evid. R. 803(17) which provides in pertinent part:

"The following are not excluded by the hearsay rule * * *

"* * *

"(17) [M]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations."

Finally, under his first assignment of error, appellant argues that the trial court erred in admitting into evidence advertisements, from the "Wheeler Dealer" and the "Tradin' Post" magazines, for vehicles similar to appellee's pickup truck. Evidentiary rulings are within the broad discretion of the trial court and will be the basis for a reversal on appeal only on abuse of that discretion which amounts to prejudicial error. *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 473-474, 21 O.O. 3d 285, 296-297, 424 N.E. 2d 568, 580-581; *State* v. *Graham* (1979), 58 Ohio St. 2d 350, 352, 12 O.O. 3d 317, 318, 390 N.E. 2d 805, 807; *State* v. *Long* (1978), 53 Ohio St. 2d 91, 98, 7 O.O. 3d 178, 182, 372 N.E. 2d 804, 808. We find the trial court did not abuse its discretion in admitting the advertisement into evidence. Appellant's first assignment of error is overruled.

Appellant's second assignment of error alleges:

"The trial court erred to the prejudice of defendant-appellant in refusing to allow examination of, or admission into evidence of, the business records of plaintiff-appellee."

Appellant argues the trial court erred in refusing to admit into evidence certain of appellee's business records, including tax returns. Appellant's second assignment of error is overruled because the record reveals that no prejudice occurred to appellant. Appellant cross-examined appellee on the contents of the business records, demonstrating that appellee's income from Sears had increased each year, doubling since the accident.

For his third assignment of error, appellant argues that the trial court erred in admitting appellant's prior criminal record into evidence.

Evid. R. 609(A) provides in part:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or

established by public record during cross-examination but only if the crime * * * involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance."

Following a complete review of the record, we find the trial court did not abuse its discretion in admitting evidence of appellant's conviction for receiving stolen property. Appellant's third assignment of error is overruled.

Appellee, relying on App. R. 4(A), timely filed a "notice of cross-appeal" on November 10, 1987. The notice was not assigned a new case number, but was docketed under the number assigned to appellant's appeal. Where, as in the case *sub judice,* an appellee is not advancing assignments of error pursuant to R.C. 2505.22, the proper practice is to file a timely, independent notice of appeal, pay the proper cost, and have that appeal assigned its own number. *Harrison* v. *Earls-Blain Agency, Inc.* (Dec. 21, 1988), Hamilton App. No. C-880134, unreported. It is clear that appellee's "cross-appeal" is an independent appeal. We will address it as though it had been assigned a separate appeal number.

The sole assignment of error on the cross-appeal alleges:

"The trial court erred to the prejudice of plaintiff in refusing to allow any evidence of the plaintiff's cost in obtaining his early retirement from the Cincinnati Fire Division."

The trial court entered judgment in favor of the cross-appellant, and he failed to file a motion for new trial as required to preserve his claim for appeal. Thus, the alleged error is waived for purposes of the cross-appeal because it was not preserved by the filing of a motion for new trial. See *Smith* v. *Grinker & Sudman* (Nov. 10, 1987), Hamilton App. No. C-870064, unreported; *Brogan* v. *Hagen* (1986), 26 Ohio App. 3d 81, 26 OBR 255, 498

N.E. 2d 234; *Krailler* v. *Carey* (Nov. 26, 1986), Hamilton App. No. C-860013, unreported; *McHale* v. *Jenkins* (June 29, 1983), Hamilton App. No. C-820705, unreported. The cross-appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.