**Ramos v. Long**
[Cite as 4 AOA 473]

Case No. 89-P-2103
Portage County, (11th)
Decided June 29, 1990

John J. McCarthy, Joel Levin, Jeffrey A. Leikin, Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., 1370 Ontario Street, First Floor, Cleveland, Ohio 44113-1792, for Plaintiffs-Appellants.

James E. Poland, 250 South Chestnut Street, P.O. Box 803, Ravenna, Ohio 44266, for Defendants-Appellees.

FORD, J.

On April 27, 1987, appellants, Lewis and Marsha Ramos, and Marsha Ramos on behalf of Christina Ramos, filed a complaint against appellees, Steve and Yvonne Young. Christina, Lewis and Marsha's minor daughter, was attacked by a neighbor's dog on October 13, 1984.

A jury trial commenced on July 18, 1989, on the sole issue of damages. Liability was resolved in an uncontested summary judgment proceeding. The jury returned a verdict in favor of the parents for $6,500 for medical expenses and loss for services and for $3,5000 for Christina for injury, pain and suffering.

Appellants appealed, raising the following sole assignment of error.

"The jury verdict rendered for the plaintiffs-appellants on the issue of damages was inadequate as a matter of law, against the manifest weight of the evidence and influenced by passion and prejudice."

Appellants' argument stresses and highlights portions of the record that underscore the gruesome nature of the attack and its unfortu-

nate consequences. However. case law on this issue is very clear: in order for a prevailing party to obtain additur, it must move for a new trial pursuant to Civ. R. 59.

In *Bogan* v. *Hagan* (1986), 26 Ohio App. 3d 81, the court held in its syllabus:

"The filing of a Civ. R. 59 motion for new trial in the trial court *is a condition precedent* to an appeal by a party who prevailed at trial but seeks for contest the amount of the award in an appellate court." (Emphasis added.)

This precondition has been upheld by other appellate courts. See, *Henry* v. *Serey* (1984), 46 Ohio St. 3d 93, and *Kennedy* v. *Keaton* (Feb. 16, 1990), Lucas App. No. L-89-102, unreported. This court has also endorsed this proposition in *Straka* v. *Gedeon* (May 5, 1989), Lake App. No. 13-012, unreported. This court noted:

"* * * [A]ppellants' primary argument is that the verdict was inadequate. However, appellants did not file a Civ. R. 59 motion for a new trial on that issue. * * * Thus, appellants are precluded from arguing the inadequacy of damages." *Straka, supra,* at 4.

Therefore, a prevailing party who wishes to challenge the sufficiency of the judgment rendered must present the question to the trial court by a motion for a new trial pursuant to Civ. R. 59 to preserve the issue on appeal.

At oral argument appellants argued vigorously that R.C. 2321.01 created an exception to the *Brogan, supra,* requirement. It provides:

"A motion for a new trial is not necessary as a prerequisite to obtain appellant review of sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court." R.C. 2321.01

Appellants' proposition had been previously addressed and rejected by the First District Court of Appeals in *McHale* v. *Jenkins* (June 29, 1983), Hamilton App. No. 820705, unreported:

"While it is no longer necessary for an *aggrieved party* to file a motion for a new trial on sufficiency or weight of the evidence as a predicate for an appeal where the evidence to be considered is filed as part of the record in the appellate court, R.C. 2321.01, the plaintiffs here are *not*, without some special showing of prejudice, aggrieved parties. *McHale, supra* at 4. (Emphasis in original).

"The *Brogan* Court expressly relied upon *McHale* in obtaining its conclusion, particularly as to the status of a "prevailing party" and its implications on the procedural requirements at issue here."

Furthermore, it should be noted that R.C. 2321.01 was adopted prior to the adoption of Civ. R. 59. As such, Civ. R. 59 would be controlling.

"The authority by which a procedural rule may supersede a procedural statute derives from Section 5(B), Article IV of the Ohio Constitution.

"Article IV, Section 5(B) of the Ohio Constitution, provides, in part: 'The Supreme Court shall prescribe rules governing practice and procedure, in all courts of the State, which rules shall not abridge, enlarge, or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. Rules promulgated pursuant to this constitutional provision must be procedural in nature. Where a conflict arises between a rule and a statute, the rule will control the statute on matters of procedure." *Boyer* v. *Boyer* (1976), 46 Ohio St 2d 83, 86 [25 0.0 2d 156]. Conversely, a rule may not abridge, enlarge or modify any substantive right and a statute will control a rule on matters of substantive law. *Id. State* v *Slatter* (1981), 66 Ohio St. 2d 452, 454 [20 0.0. 3d 383." *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 149, fn. 4. Clearly, the procedural rule adopted in Civ. R. 59 and applicable here, supersedes the statutory enactment.

We do not find appellants' arguments persuasive on the issue of damages. Appellants concede that they were able to fully present their case complete with color photographs and expert testimony, and that the jury was properly charged regarding the law. For this court to overturn a jury verdict, we must find that the award is against the manifest weight of the evidence or that the judgment was not supported "by some competent, credible evidence." Accord *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279. Based upon the evidence before the jurors, we are unable to make such a finding.

Both parties presented evidence concerning the nature of the injury, physical, as well as, emotional and psychological. No evidence was presented regarding future pain or suffering. The jury has the opportunity to evaluate the testimony, the witnesses, including one expert witness, and the unfortunate victim. We are unable to conclude that the verdict was against the manifest weight, based upon the submission before the jury.

Appellants also allege that the verdict was influenced by passion and prejudice. During

closing arguments counsel for appellees made remarks about the law firm which was representing the appellants. However, appellants failed to object:

"Expert where counsel, in his opening statement and closing argument to the jury, grossly and persistently abuses his privilege, the trial court *is not required to intervene sua sponte* to admonish counsel and take curative action to nullify the prejudicial effect of counsel's conduct. Ordinarily, in order to support a reversal of a judgment on the ground of misconduct of counsel in his opening statement and closing argument to the jury, it is necessary that a proper and timely objection be made to the claimed improper remarks so that the court may take proper action thereon." *Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31, paragraph one of the syllabus. (Emphasis in original).

In this cause not only did appellants' counsel not object, but their attorney responded in kind to the remarks made by Appellees, advocate.

Additionally, the comments in our judgment did not rise to the level to require the court to intervene *sua sponte*. Furthermore, the court in its instruction reminded the jury regarding the non-evidential quality of opening and closing arguments. It provided the appropriate admonition on this subject, because of this, and appellants' failure to object to the remarks, we are unable to conclude that the comments constituted error.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and MAHONEY, J., concur.