OPINION
{¶ 1} Appellant, Michael R. Davis, appeals the judgment of the Lake County Court of Common Pleas. The trial court sentenced Davis to a total of seven years in prison for his convictions for attempted felonious assault and having a weapon while under disability, with an accompanying firearm specification.
 {¶ 2} In August 2002, appellant was involved in a fight in his girlfriend's apartment. Appellant knocked another man to the ground and kicked him in the head. In September 2002, appellant drew a nine-millimeter handgun during an altercation outside of a bar. He was on disability at this time, by virtue of being on post-release control and having been released from prison within five years, both due to a robbery conviction, which was a second degree felony.
 {¶ 3} As a result of these incidents, appellant was charged with one count of attempted felonious assault, a third degree felony, and one count of having a weapon while under disability, also a third degree felony. The count of having a weapon while under disability included a firearm specification.
 {¶ 4} Appellant pled guilty to both of the charges against him, as well as the firearm specification. The state and the defense submitted a jointly-recommended sentence to the trial court. This recommended sentence was for one-year terms on the underlying offenses, to be served concurrently to each other and consecutively to a three-year term for the firearm specification, resulting in a total sentence of four years. However, the trial court did not impose the jointly-recommended sentence. Rather, the court sentenced appellant to four-year terms on the underlying offenses, to be served concurrently to each other and consecutively to a three-year term for the firearm specification, for a total prison term of seven years.
 {¶ 5} Appellant has timely appealed the judgment of sentence. Appellant's sole assignment of error is:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment without making the requisite findings under the applicable sentencing statutes."
 {¶ 7} Pursuant to R.C. 2953.08, this court uses a de novo standard of review when reviewing a felony sentence.[1]
"However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[2] Finally, we note that the trial court has the "discretion to determine the most effective way to comply with the purposes and principles of sentencing," set forth in R.C.2929.11, when imposing a felony sentence.[3]
 {¶ 8} R.C. 2929.12 requires the trial court to consider the seriousness and recidivism factors contained therein.[4]
However, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]"[5]
 {¶ 9} On the record at the sentencing hearing, the trial court applied the sentencing factors of R.C. 2929.12. The trial court's judgment entry of sentence affirmatively states that the court considered the seriousness and recidivism factors of R.C.2929.12.
 {¶ 10} Appellant contends that the trial court erred by failing to impose the sentence that was jointly recommended by the state and the defense. A trial court is not required to impose a jointly-recommended sentence.[6] Further, after reviewing the record, we cannot say the trial court abused its discretion by imposing a sentence which was more severe than the recommendation.
 {¶ 11} Appellant also argues that the trial court misapplied the factors of R.C. 2929.12.
 {¶ 12} First, appellant asserts the trial court erred in finding that the victim suffered physical, psychological, and economic harm.[7] He contends the record only supports a finding that the victim suffered physical harm. The victim suffered a fractured cheekbone. While the record may not have specifically mentioned psychological or economic harm, the trial court could have inferred that psychological and economic harm resulted from the severe injury to the victim's face. Such finding does not constitute an abuse of discretion.
 {¶ 13} Appellant objects to the trial court's finding that his relationship with the victim facilitated the offense.[8] Even though appellant stated he did not previously know the victim, the incident arose due to his relationship with his girlfriend and her interaction with the victim. While this may not be a traditional example of an offender's relationship with the victim facilitating an offense, we cannot say, after reviewing the entire record, that this alleged error constitutes an abuse of the trial court's discretion, warranting a reversal.
 {¶ 14} Appellant argues that the trial court erred by not finding that any of the factors of R.C. 2929.12(C) applied to mitigate his conduct. Specifically, appellant asserts that the victim induced the offense and, thus, he acted under strong provocation.[9] Appellant indicated he fought the victim because the victim was cussing at his girlfriend and refused to leave the apartment when he was instructed to do so. In light of these limited facts, we cannot say the trial court abused its discretion by failing to make a finding that appellant's conduct was less serious due to the above factors. This is especially true in light of the fact appellant kicked the victim in the face with enough force to fracture his cheekbone. Moreover, we acknowledge that appellant was being sentenced for two distinct offenses. Appellant does not argue that there were any mitigating factors present when he committed the crime involving the gun outside the bar. Finally, although the trial court did not specifically make any findings regarding mitigation on the record, the trial court could have weighed such factors, since the trial court did not impose maximum or consecutive sentences for the underlying offenses.
 {¶ 15} Appellant contends the trial court erred by finding that he had an extensive criminal record.[10] He asserts that he had a lengthy juvenile record but had only committed one offense as an adult. The record reveals that appellant was in prison from the time he was eighteen to twenty-two years old. Following his release, in the short time prior to committing the instant offenses, he committed a theft offense in Mentor. Moreover, we note that a trial court is to consider an offender's juvenile record.[11] The trial court did not err by finding that appellant had an extensive criminal record.
 {¶ 16} In addition, appellant suggests the trial court erred by finding that he showed a lack of remorse.[12] Although the record indicates appellant stated he was sorry to everyone he hurt, his lengthy criminal record suggests that he was unremorseful. Moreover, the trial court was in the best position to judge the sincerity of appellant's statement and make a finding whether he was remorseful for his conduct. We cannot say the trial court erred by making this finding.
 {¶ 17} Finally, appellant contends the trial court erred by finding that he failed to acknowledge his drug or alcohol abuse or accept treatment.[13] Appellant stated "I make mistakes when I drink." He also stated that it was his choice whether he would "take steps to address my problems while I'm locked up." The fact that appellant makes statements at the sentencing hearing recognizing that he has an alcohol problem, does not preclude a finding by the trial court regarding appellant's likelihood to commit future crimes due to his alcohol abuse. The record suggests appellant was intoxicated during both of the underlying offenses. Accordingly, the trial court did not abuse its discretion by making the finding pursuant to R.C.2929.12(D)(4).
 {¶ 18} Appellant's assignment of error is without merit.
 {¶ 19} The judgment of the trial court is affirmed.
Judgment affirmed.
Diane V. Grendell and Cynthia Westcott Rice, JJ., concur.
[1] State v. Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7, citing State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at *1.
[2] Id., citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at *4.
[3] R.C. 2929.12(A).
[4] State v. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924, at ¶ 12.
[5] State v. Arnett (2000), 88 Ohio St.3d 208, 215.
[6] See, e.g., State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99 CA 6, 2001 Ohio App. LEXIS 5198.
[7] See R.C. 2929.12(B)(2).
[8] See R.C. 2929.12(B)(6).
[9] See R.C. 2929.12(C)(1) and (2).
[10] See R.C. 2929.12(D)(2).
[11] Id., see, also, State v. Padgett (Oct. 29, 1998), 8th Dist. No. 72504, 1998 Ohio App. LEXIS 5073, at * 7-8.
[12] See R.C. 2929.12(D)(5) and (E)(5).
[13] See R.C. 2929.12(D)(4).