OPINION
{¶ 1} Appellant, Osby Cortez Scott ("Scott"), appeals the February 12, 2003 judgment entry of the Trumbull County Court of Common Pleas accepting Scott's plea of "guilty" to one count of aggravated burglary, a first degree felony in violation of R.C. 2911.11(A)(1) and (B), one count of failure to comply with order or signal of police officer, a third degree felony in violation of R.C. 2921.331(B) and (C) (1) and (5)(a)(ii), and one count of burglary, a second degree felony in violation of R.C. 2911.12(A)(1) and (C). The trial court ordered Scott to serve a prison term of six years for aggravated burglary, two years for failure to comply, and four years for burglary; the court ordered all sentences to run consecutively for an aggregate sentence of twelve years. For the following reasons, we affirm the acceptance of Scott's plea.
 {¶ 2} Scott raises the following assignment of error on appeal: "The trial court erred by accepting a guilty plea without first determining whether the appellant understood the effect of the plea."
 {¶ 3} We note that Scott's sentence was jointly recommended. Here, Scott is challenging whether he understood the effect of the plea. While Scott's jointly recommended sentence is not subject to appellate review based on R.C. 2953.08(D), the voluntariness of his guilty plea pursuant to Crim.R. 11(C) is reviewable. State v. Thomas, 11th Dist. No. 2003-T-0097, 2004-Ohio-6947, at ¶ 23; State v. Lentz, 2nd Dist. No. 01CA31, 2003-Ohio-911, at ¶ 20; State v. Sattiewhite, 8th Dist. No. 79365, 2002-Ohio-332, 2002 Ohio App. LEXIS 379, at *7.
 {¶ 4} The Ohio Rules of Criminal Procedure provide that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest * * *." Crim.R.11(C)(2)(b).
 {¶ 5} The criminal rules further provide that "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1); Statev. Stumpf (1987), 32 Ohio St.3d 95, 104 ("A plea of guilty is a complete admission of guilt.").
 {¶ 6} "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." State v. Griggs, 103 Ohio St.3d 85,87, 2004-Ohio-4415, at ¶ 11 (citations omitted).
 {¶ 7} "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. State v. Nero
[(1990), 56 Ohio St.3d 106,] 107, 546 N.E.2d 474. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108, 546 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantialcompliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. Id." Id. at ¶ 12.
 {¶ 8} Scott argues that the trial court did not substantially comply with the requirement to personally advise him concerning the effect of his guilty plea. Specifically, the court failed to inform Scott that his guilty plea was "a complete admission of guilt to all charges." We disagree.
 {¶ 9} In State v. Griggs, the Ohio Supreme Court addressed the following certified issue: "Whether a trial court breaches its mandatory duty pursuant to Crim.R. 11(C)(2) to inform a criminal of the effect of his or her guilty plea, prior to accepting the plea, if the trial court does not inform the defendant that the plea is a complete admission of guilt pursuant to Crim.R.11(B)(1)." Id. at ¶ 1.[1] The Supreme Court answered this question in the negative. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." Id. at syllabus.
 {¶ 10} In the present case, Scott did not assert his actual innocence when entering his plea of guilty. Under Griggs, we presume that Scott understood that he has completely admitted his guilt and was not prejudiced by the trial court's failure to inform Scott that his guilty plea was "a complete admission of guilt to all charges."
 {¶ 11} There is no evidence in the record that rebuts the presumption of nonprejudice in this case or that Scott misunderstood that he was admitting his guilt to all three charges against him. The trial court specifically identified the three charges to which he was pleading, the individual elements of each charge, and the factual predicate underlying each of the charges. The trial court also informed Scott that he possessed an automatic right of appeal if he were convicted "of any or all of the charges." Scott acknowledged that he understood the charges against him, the elements thereof, the possible penalties, and the rights he was waiving by pleading guilty. We hold that the trial court substantially complied with the requirement of Crim.R. 11(C)(2) to inform Scott of the effect of his guilty plea, although the court did not specifically state that the guilty plea was "a complete admission of guilt."
 {¶ 12} The assignment of error is without merit. The decision of the Trumbull County Court of Common Pleas accepting Scott's plea of "guilty" to the charges in the plea agreement is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] This court certified the issue to the Ohio Supreme Court upon determining that our holding in State v. Griggs, 11th Dist. No. 2001-T-0064, 2003-Ohio-2365, was in conflict with State v. Roberson (June 20, 1997), 2nd Dist No. 16052, 1997 Ohio App. LEXIS 2640.