OPINION
{¶ 1} Appellant, Gregory A. Zenner, appeals from the October 9, 2003 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for robbery and felonious assault.
 {¶ 2} On May 29, 2003, appellant was indicted by the Lake County Grand Jury on three counts: count one, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with a firearm specification in violation of R.C. 2941.145; count two, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1), with a firearm specification in violation of R.C. 2941.145; and count three, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), with a firearm specification in violation of R.C.2941.145. On June 13, 2003, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} The matter was scheduled for a jury trial which was to commence on August 11, 2003. On August 5, 2003, appellant's first attorney, Reginald Nelson Maxton ("Attorney Maxton"), filed a motion for leave to withdraw as counsel, stating that he had been unable to reach appellant in order to assist him with his defense.[1] Pursuant to its August 14, 2003 judgment entry, the trial court indicated that appellant failed to appear for the trial as scheduled, and ordered the clerk of courts to issue a bench warrant for his arrest. Appellant was later apprehended in September 2003. The trial court scheduled the matter for a new trial date of October 14, 2003. On September 25, 2003, the trial court appointed Amy M. Freeman ("Attorney Freeman") as counsel for appellant, which was his second attorney.
 {¶ 4} On October 3, 2003, appellant appeared in court with Attorney Freeman and entered written and oral pleas of guilty to a lesser included offense of count one, robbery, a felony of the second degree, in violation of R.C. 2911.02, with a firearm specification in violation of R.C. 2941.145, and count three, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), with a firearm specification in violation of R.C. 2941.145. The trial court accepted appellant's guilty plea with respect to counts one and three, and entered a nolle prosequi on count two, aggravated burglary. The trial court advised appellant of his right to request a presentence investigation report prior to sentencing. Appellant waived the presentence investigation and the trial court proceeded immediately to sentencing. At the sentencing hearing, the state and appellant entered into a jointly recommended sentence, agreeing to a total of six years in prison.
 {¶ 5} Pursuant to its October 9, 2003 judgment entry, however, the trial court declined to follow the joint recommendation. Instead, the trial court sentenced appellant to serve a prison term of five years with respect to the robbery charge and five years on the felonious assault charge, to run concurrent with each other, with eighty-three days credit for time served. The trial court also ordered appellant to serve an additional term of three years for the firearm specification in count one, and three years for the firearm specification in count three, to run concurrent with each other but to be served prior to and consecutive to the foregoing prison term, for an aggregate term of eight years. The trial court further determined that post release control was mandatory, up to a maximum of three years. It is from that judgment that appellant filed a notice of appeal and makes the following assignments of error:[2]
 {¶ 6} "[1.] The trial court erred to the prejudice of appellant by accepting his guilty plea which was not made knowingly, voluntarily or intelligently.
 {¶ 7} "[2.] The trial court erred to the prejudice of appellant by imposing an eight-year prison term."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred by accepting his guilty plea which was not made knowingly, voluntarily, or intelligently. Appellant alleges that the chaos and confusion created by the poor legal representation he received, coupled with his mental health problems, rendered him incapable of intelligently waiving his constitutional rights and entering a guilty plea.
 {¶ 9} We note that a jointly recommended sentence is not subject to appellate review. However, the voluntariness of a guilty plea is reviewable pursuant to Crim.R. 11(C). State v. Scott, 11th Dist. No. 2003-T-0172, 2005-Ohio-689, at ¶ 3. Again, however, the joint recommendation was not accepted by the trial court. Therefore, we will address appellant's guilty plea since the trial court imposed an eight year sentence rather than the agreed six year prison term.
 {¶ 10} Crim.R. 11(C)(2) addresses the requirements for guilty pleas and states that: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} The Supreme Court of Ohio, in State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, syllabus, stated that: "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial."
 {¶ 15} The Supreme Court in Griggs, at ¶ 12, further stated that: "[t]he right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. State v. Nero [1990], 56 Ohio St.3d [106,] 107 * * *. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108 * * *. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [a defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. Id." (Parallel citations omitted.)
 {¶ 16} In the case at bar, the state informed the trial court at the sentencing hearing of the facts and information concerning the crimes at issue, and appellant agreed with the state's factual background.
 {¶ 17} A review of the transcript demonstrates that the trial court clearly informed appellant of his constitutional rights and fully complied with the requirements of Crim.R. 11(C). The trial court's dialogue with appellant was thorough and, by all indications, appellant, who was represented by Attorney Freeman, understood the implications of his plea and the rights he was waiving.
 {¶ 18} At the sentencing hearing, appellant and the trial judge entered into an extensive colloquy, and appellant indicated the following: he wanted to waive his ability to seek a presentence report and understood the implications of pleading guilty; he had not taken any alcohol, drugs, or medication within the last forty-eight hours; he suffered from acute depression but was not on medication at the time of sentencing; he was thinking clearly and did not have any difficulty understanding Attorney Freeman or the trial judge; he read a copy of the indictment and discussed the charges with Attorney Freeman; he understood the charges against him, and Attorney Freeman answered all of his questions to his satisfaction; he wished to plead guilty to a lesser included offense of count one, robbery, a felony of the second degree, and count three, felonious assault, a felony of the second degree, as well as to the three-year gun specifications attached to those charges; he based his decision to plead guilty solely upon the representation provided to him by Attorney Freeman; he entered into his plea voluntarily; and he understood the sanctions involved regarding post release control.
 {¶ 19} Here, the trial court exercised scrupulous adherence to the provisions of Crim.R. 11(C). Before accepting appellant's guilty plea, the trial court determined that appellant made his guilty plea voluntarily, and that he understood the nature of the charges against him and of the maximum penalty involved. Crim.R. 11(C)(2)(a). The trial court informed appellant of and determined that he understood the effect of his guilty plea, and that it could proceed with judgment and sentence. Crim.R. 11(C)(2)(b). The trial court specifically asked appellant if he agreed to go forward with sentencing and appellant clearly responded in the affirmative. Also, the trial court informed appellant and determined that he understood that by pleading guilty he was waiving his constitutional rights associated with a jury trial. Crim.R. 11(C)(2)(c).
 {¶ 20} In addition, after the entry of appellant's guilty plea and the trial court's acceptance of it, appellant and Attorney Freeman agreed to a joint sentencing recommendation of six years in prison. Again, however, the joint recommendation was not accepted by the trial court.
 {¶ 21} Based on the foregoing, appellant's guilty plea was made knowingly, willingly, and voluntarily. As such, the trial court did not err by accepting appellant's guilty plea. Thus, appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, appellant contends that the trial court erred by imposing an eight year prison term. Appellant alleges that the trial court's findings pursuant to R.C. 2929.12(B) and (D) were not supported by the record.
 {¶ 23} This court stated in State v. Davis, 11th Dist. No. 2002-L-188, 2004-Ohio-792, at ¶ 7, that:
 {¶ 24} "[p]ursuant to R.C. 2953.08, this court uses a de novo standard of review when reviewing a felony sentence. State v. Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7, citing State v. Bradford
(June 2, 2001), 11th Dist. No. 2000-L1-03, 2001 Ohio App. LEXIS 2487 * * *, at 1. `However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law.' Id., citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at 4 * * *. Finally, we note that the trial court has the `discretion to determine the most effective way to comply with the purposes and principles of sentencing,' set forth in R.C. 2929.11, when imposing a felony sentence. R.C. 2929.12(A)."
 {¶ 25} R.C. 2929.12(A) provides that: "* * * a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 26} A trial court is not required to discuss each of the seriousness and recidivism factors of R.C. 2929.12 individually on the record during the course of the sentencing hearing. Davis, supra, at ¶ 8, citing State v. Arnett (2000), 88 Ohio St.3d 208, 215. Also, "[a] trial court is not required to impose a jointly-recommended sentence."Davis, supra, at ¶ 10, citing State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99 CA 6, 2001 Ohio App. LEXIS 5198.
 {¶ 27} In the case sub judice, the trial court judge asked appellant if he understood that he did not have to follow the joint recommendation and could impose a greater sentence. Appellant replied that he did understand the trial court on that point. In addition, appellant informed the trial court of his past criminal involvement.
 {¶ 28} On the record at the sentencing hearing, the trial court applied the sentencing factors of R.C. 2929.12. The trial court's judgment entry of sentence affirmatively states that the court considered the seriousness and recidivism factors of R.C. 2929.12. After reviewing the record, we cannot say the trial court abused its discretion by imposing a sentence which was more severe than the recommendation.[3] See Davis,
supra.
 {¶ 29} Appellant alleges that the trial court's determination regarding the seriousness of his conduct is not supported by the record. We disagree.
 {¶ 30} The trial court stated at the sentencing hearing that:
 {¶ 31} "* * * I've balanced the seriousness and recidivism factors under Section 2929.12. In that regard, I find the following factors make the offense more serious, that the victim suffered serious physical, psychological, and/or economic harm. It's my understanding he was beaten with a gun and that $300.00 was stolen from him. Based upon all the information that I have available to me, I did find that that is serious physical, psychological, and economic harm. I find that offense was committed as part of an organized criminal activity with his stepson. I find no factors making the offense less serious. In terms of — by the way — as far as seriousness goes, although I find that there was a single animus for both of these offenses, and for that reason I would not make them consecutive; however, I do find that that is an aggravating factor and that it makes it more serious. The fact that he would be getting the same sentence for each one of these things means that he's not being punished for doing the other thing; therefore, I find that to be a seriousness factor that would make this more serious, that two crimes were committed for the price of one."
 {¶ 32} In addition, appellant suggests that he had genuine remorse for his actions and that the trial court should not have found to the contrary. We note, however, that the trial court was well within its discretion to determine that appellant had not demonstrated real remorse for his actions. See State v. Eckliffe, 11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 31-32.
 {¶ 33} Here, the trial court properly considered the seriousness and recidivism factors of R.C. 2929.12 prior to imposing sentence on appellant. Also, appellant's five year sentence for each second degree felony, which were to run concurrent with each other, fell within the midpoint range of the two to eight year range under R.C. 2929.14(A)(2). The trial court properly imposed the additional, mandatory three year prison term for the firearm specifications pursuant to R.C. 2941.145, which were to run concurrent with each other but were to be served prior to and consecutive to the foregoing prison term, for an aggregate term of eight years. Appellant's second assignment of error is without merit.
 {¶ 34} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., O'Toole, J., concur.
[1] Attorney Maxton was ultimately found in contempt for abandoning appellant.
[2] On October 28, 2003, Attorney Freeman filed a notice of intention to file an appeal. Pursuant to its November 26, 2003 judgment entry, the trial court appointed Attorney Freeman to represent appellant on appeal in this matter. On January 16, 2004, Attorney Freeman filed a notice of appeal on behalf of appellant, as well as a motion for leave to file a delayed appeal. On April 19, 2004, this court issued a judgment entry granting appellant's motion for leave to file a delayed appeal pursuant to App.R. 5(A). On September 28, 2004, Attorney Freeman filed a motion to withdraw, which was granted on October 20, 2004. Attorney Michael A. Partlow was appointed as appellant's third attorney to represent him for purposes of this appeal on October 20, 2004.
[3] We note that defense counsel did not object to the eight year sentence.