OPINION
{¶ 1} Appellant, Marcus A. Johnson ("Johnson"), appeals from the judgment of the Lake County Court of Common Pleas sentencing him to six years imprisonment for his conviction of robbery, a second degree felony in violation of R.C. 2911.029(A)(2).
 {¶ 2} On June 14, 2004, a Lake County Grand Jury returned an indictment against Johnson charging him with one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(3); one count of robbery, a felony in the second degree, in violation of R.C 2911.02(A)(2); and one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), in case number 04-CR3-30. On July 1, 2004, a Lake County Grand Jury returned a secret indictment against Johnson charging one count of felonious assault, a felony of the second degree, in violation of R.C.2903.11(A)(1), in case number 04-CR-403. On July 12, 2004, the trial court consolidated the two cases.
 {¶ 3} The charges against Johnson arose from the May 7, 2004 robbery of a Dairy Mart, in which a store employee was beaten by Johnson before he fled with the sum of $60 from the cash register. On August 20, 2004, Johnson withdrew his guilty plea and entered a plea of guilty to the second count of case number 04-CR-330, robbery, a second degree felony. All remaining charges in both cases were dismissed.
 {¶ 4} On October 7, 2004, a sentencing hearing was held. The court reviewed the presentence report, victim impact statement, psychological evaluation, and drug and alcohol evaluation. Johnson was sentenced to a six-year prison term, with credit for one-hundred and fifty-four days served.
 {¶ 5} It is from this judgment that Johnson timely appeals, raising the following assignments of error for our review:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment where its findings were not supported by the record.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more than the `statutory maximum' sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 8} An appellate court reviews a felony sentence de novo.State v. Stambolia, 11th Dist. No. 2003-T-0053, 2004-Ohio-6945, at ¶ 30. In doing so, we conduct a "meaningful review" of a trial court's sentencing decision. State v. Comer 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 10. "Meaningful review" means that the appellate court may modify or vacate a sentence if it finds "clearly and convincingly" that the record does not support the sentence or the sentence is contrary to law. Id. R.C. 2953.08. Clear and convincing evidence is evidence that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Prodonovich, 11th Dist. No. 2002-L-116, 2005-Ohio-3090, at ¶ 50, citing State v.Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334.
 {¶ 9} In his first assignment of error, Johnson asserts that the trial court erred in the sentencing phase of his trial under R.C. 2929.12. A court that imposes sentence on an offender for a felony must consider the factors that would indicate the offense is "more serious than conduct normally constituting the offense," the factors that would indicate the offense is "less serious than conduct normally constituting the offense," and the factors that would indicate the offender's likelihood of recidivism. R.C.2929.12; State v. Fails, 11th Dist. No. 2000-P-0110, 2001-Ohio-8902, 2001 Ohio App. LEXIS 5056, at 4-5; State v.Cook, 11th Dist. No. 2003-L-009, 2004-Ohio-793, at ¶ 14. When considering the seriousness and recidivism factors of R.C.2929.12, a trial court is not required to make specific findings on the record in order to "evince the requisite consideration of the applicable * * * factors." State v. Arnett, (2000),88 Ohio St.3d 208, 215; State v. Matthews, 11th Dist No. 2003-L-043,2004-Ohio-1849, at ¶ 15.
 {¶ 10} In the case sub judice, Johnson entered a plea of guilty to robbery, a second degree felony. R.C 2911.02(A)(2). The prescribed sentencing range for a second degree felony is a prison-term of two to eight years. R.C. 2929.14(A)(2). Thus, there was a presumption of the imposition of a prison sentence.
 {¶ 11} At the sentencing hearing, the trial court made the following findings: "In going over those factors under 2929.12(B), factors indicating the offense is More Serious, the Court finds the victim in this case did suffer all three: serious physical, psychological and economic harm. In regards to the physical harm, she was beat in the face, seven stitches, she had bruises, suffered a concussion. Psychological, pretty great, she has indicated to the Court that she can't-she is in fear of being in a public place and around other young men. She has to take herself out of those situations when she finds herself in those situations. She shouldn't have to do that. She should be able to go on living her life like everyone else. Economically, she had to give up her job. She can't go back to work there. The court also finds that [Johnson] acted as a part of criminal activity in this case. This was planned, premeditated. * * * In regards to factors indicating the offense was Less Serious than normal acts constituting the offense, the Court finds none of those factors exist. In regards to factors indicating that recidivism is More Likely, the Court finds all of those factors exist. * * * [T]he Juvenile Court tried to work with you. You were given treatment before. * * * As soon as you got out, started right back up with it. * * * There is no genuine remorse."
 {¶ 12} First, Johnson argues that at the sentencing hearing, the trial court erred in finding that the victim of the offense suffered physical, psychological, and economic harm as a result of the offense. R.C. 2929.12 (B)(2).
 {¶ 13} He contends that the record does not support a finding that the victim suffered economic harm. Contrary to Johnson's argument, the court's findings that the victim suffered economic harm is supported by the record that, as a consequence of the Johnson's attack, she quit her job. And the court may have further inferred economic harm resulted from injuries as a result of the beating inflicted upon her by Johnson.
 {¶ 14} Next, Johnson contends that the court erred in failing to find that he had shown remorse for his conduct, pursuant to R.C. 2929.12(D)(5) and (E)(5), and failed to take into account his sincere desire to seek treatment. R.C. 2929.12(D)(4). The record indicates that Johnson stated: "* * * I have realized what I did was wrong, very wrong * * * I am sorry." It is well established that a trial court is in the best position to address the sincerity and genuineness of a defendant's statements at the sentencing hearing. State v. Eckliffe, 11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 32; State v. Sims (Dec. 9, 1998), 9th Dist. No. 19018, 1998 Ohio App. LEXIS 5868, at 6.;State v. Howard (Sept. 11, 1998), 1st Dist. No. C-971049, 1998 Ohio App. LEXIS 4192, at 8. Because the trial court was in a better position to observe the appellant's demeanor and sincerity in this case, we cannot say that the trial court erred in finding that the appellant did not exhibit genuine remorse for his conduct. As to Johnson's acknowledgment of his need for substance abuse treatment, the court noted that Johnson "was given many opportunities" and Johnson has been "under the influence since he was 14 years old".
 {¶ 15} Pursuant to R.C. 2929.12(D)(2), Johnson further argues that the court failed to consider that he had not served a prior prison term. In making a determination regarding recidivism, the court is required to consider the offender's "history of criminal convictions." Id. In this respect, a trial court is to consider an offender's juvenile record. Id. See, also, State v. Padgett
(Oct. 29, 1998), 8th Dist. No. 72504, 1998 Ohio App. LEXIS 5073, at 7-8; State v. Davis, 11th Dist. No. 2002-L-188,2004-Ohio-792, at ¶ 15. Here, the court stated that although Johnson had not served a prior prison term, he had a five-year "history of delinquent adjudications," and was on probation at the time of the robbery. Thus, the court did not err in its consideration of Johnson's criminal history in determining his likelihood of recidivism.
 {¶ 16} Finally, Johnson asserts that the court erred when it failed to consider the mitigating factor that he did not use a deadly weapon in the course of the robbery. R.C. 2929.12(C)(4). At sentencing, the court considered the physical injuries inflicted by Johnson noting that the victim "was beat in the face, [received] seven stitches, she had bruises, suffered a concussion." The court further stated that Johnson's "use of alcohol and drugs was no excuse for the beating". Thus, the trial court did not err in determining that any alleged mitigating factor that no deadly weapon was utilized in the robbery, was outweighed by the seriousness and the circumstances of the offense. C.f., State v. Flaugher (Nov. 8, 1999), 12th Dist. No. CA99-04-034, 1999 Ohio App. LEXIS 5242, at 6.
 {¶ 17} Based upon the foregoing, the record clearly demonstrates that the trial court followed the mandates of R.C.2929.12 in sentencing Johnson, and the findings by the trial court are supported by clear and convincing evidence in the record. Accordingly, Johnson's first assignment of error is without merit.
 {¶ 18} In his second assignment of error, Johnson challenges the propriety of the procedure the trial court followed in determining not to impose the shortest sentence possible upon him.
 {¶ 19} Johnson was convicted of one count of robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2). He was sentenced to prison term of six years. The prescribed sentencing range for a second degree felony is two to eight years. R.C. 2929.14(A)(2). However, R.C. 2929.14(B) provides that "the court shall impose the shortest prison term authorized for the offense * * * unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 20} Citing Blakely v. Washington (2004), 542 U.S. 296, Johnson submits that his Sixth Amendment right to a jury trial was violated when the trial court made specific factual findings under R.C. 2929.14(B). Johnson contends that since the trial court's findings under the statute resulted in the imposition of a sentence greater than the statutory minimum for second degree felonies, the trial court had a legal duty to submit the relevant factual issues to the jury for determination.
 {¶ 21} This court has not applied the holding in Blakely to the procedure under R.C. 2929.14(B) which allows a trial judge to sentence a defendant to a term longer than the statutory minimum. In State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239, we noted that Blakely and the prior case law of the United States Supreme Court did not have the effect of depriving a trial judge of the discretion to consider aggravating circumstances in deciding the length of a defendant's sentence; instead, theBlakely decision only held that a trial judge cannot make a factual finding which would result in the imposition of a sentence longer than the maximum prison term permissible under the jury verdict. The Morales court then held that the factors set forth in R.C. 2929.14(B) were similar to aggravating circumstances because a trial court's finding concerning the existence of one of the two factors in a particular case only meant that a longer term within the acceptable range could be imposed. As a result, the Morales court concluded that the procedure under R.C. 2929.14(B) did not constitute a violation of the basic constitutional right to a jury trial. See, also, Statev. Fiedler, 11th Dist. No. 2003-L-190, 2005-Ohio-3388, at ¶44-48.
 {¶ 22} In the case sub judice, when the trial court made its findings under R.C. 2929.14(B) that the imposition of the shortest prison term for the robbery offense would "demean the seriousness of the offense, would not adequately protect the public from future crimes," it then had the statutory authority to impose sentences which were longer than the statutory minimum. Thus, because a finding under R.C. 2929.14(B) did not alter the range of the prison term which could be imposed upon Johnson, the fact that the finding was made by the trial court did not violate his Sixth Amendment right to a jury trial. Johnson's second assignment of error is without merit.
 {¶ 23} Based upon the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.