OPINION
{¶ 1} Defendant-appellant, Salvatore J. Frisina, appeals his sentence in the Lake County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On January 9, 2006, Frisina entered guilty pleas to five counts of Robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2), five counts of Robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3), one count of Theft, a felony of the fifth degree in violation of R.C.2913.02(A)(1), and one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree in violation of R.C.2923.32(A)(1). The statutory sentencing range for a felony of the first degree is between three and ten years. R.C. 2929.14(A)(1). The statutory sentencing range for a felony of the second degree is between two and eight years. R.C. 2929.14(A)(2). The statutory sentencing range for a felony of the third degree is between one and five years. R.C. 2929.14(A)(3). The statutory sentencing range for a felony of the fifth degree is between six and twelve months. R.C. 2929.14(A)(5).
 {¶ 3} On February 13, 2006, following a sentencing hearing, the trial court sentenced Frisina to serve a nine year prison term for Engaging in a Pattern of Corrupt Activity, seven year prison terms for each count of second degree Robbery, four year prison terms for each count of third degree Robbery, and an eleven month prison term for Theft. The court ordered Frisina's sentences to be served concurrently, for a total term of imprisonment of nine years. Frisina had not previously served time in prison. Therefore, in accordance with R.C. 2929.14(B)(2), the court found "that the shortest prison term will demean the seriousness of the Defendant's conduct."
 {¶ 4} Frisina timely appeals the Judgment Entry of Sentence and raises the following assignment of error: "Whether a trial court abused its discretion in sentencing defendant-appellant to a nine (9) year prison term on an agreed five (5) year joint recommendation."
 {¶ 5} Frisina sets forth two arguments under this assignment of error. The first is that the trial court erred by not honoring Frisina's "contractual relationship with the prosecuting attorney where he agreed to waive his constitutional rights and the prosecutor would recommend a five (5) year prison term." We disagree.
 {¶ 6} The trial court is not a party to Frisina's agreement with the prosecution. This court has repeatedly held that "[a] trial court is not required to impose a jointly-recommended sentence." State v. Zenner, 11th Dist. No. 2004-L-008,2005-Ohio-6070, at ¶ 26, citing State v. Davis, 11th Dist. No. 2002-L-188, 2004-Ohio-792, at ¶ 10.
 {¶ 7} At Frisina's change of plea hearing, the trial court asked Frisina directly:
 {¶ 8} "THE COURT: Now, have there been any promises made to you by the Court or your attorney, the Prosecutor or anyone else as to any leniency I may show towards you at the time of sentencing which has caused you to enter this guilty plea here today?
 {¶ 9} "THE DEFENDANT: No.
 {¶ 10} "THE COURT: Has anyone promised you anything?
 {¶ 11} "THE DEFENDANT: No.
 {¶ 12} "THE COURT: Now, I understand there is a joint recommendation or agreed recommendation between yourself, through your attorney and the Prosecutor, * * * in a sense the Prosecutor made a promise to you he is going to recommend a certain sentence; isn't that correct?
 {¶ 13} "THE DEFENDANT: Yes, sir.
 {¶ 14} "THE COURT: For purposes of the record, what is that, Mr. Condon [Assistant Prosecuting Attorney]?
 {¶ 15} "MR. CONDON: At the time of sentencing, Your Honor, there will be a joint sentencing recommendation of five years at the Ohio Department of Corrections.
 {¶ 16} "THE COURT: Now, again, the Prosecutor has committed to that recommendation. Do you understand I don't have to go along with that? Do you understand that?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: Has anyone promised to you what I will do at the time of sentencing?
 {¶ 19} "THE DEFENDANT: No."
 {¶ 20} The trial court was under no obligation to adopt the jointly-recommended sentence and did not err for declining to do so.
 {¶ 21} Frisina also argues, and the State concedes, that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates his Sixth Amendment rights to trial by jury, as held by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, citing Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 22} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(B), providing that "the shortest prison term authorized" by statute for an offense must be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional.2006-Ohio-856, at paragraph one of the syllabus. The Supreme Court further held that R.C. 2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. On this basis, Frisina's first assignment of error has merit.
 {¶ 23} The Supreme Court further held that sentences exceeding the statutory minimum, based on the constitutionally valid R.C. 2929.14(B), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Frisina is entitled to a new sentencing hearing. At this hearing, Frisina "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Frisina may also argue for a reduction in his sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 24} For the foregoing reasons, we reverse the Judgment Entry of Sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Id. at ¶ 107.
Rice, J., concurs, O'Toole, J., concurs in judgment only.