DECISION AND JUDGMENT ENTRY
{¶ 1} Stephan Sideris appeals the trial court's judgment sentencing him to concurrent prison terms for various drug offenses. First, he contends that the trial court's sentence violates Blakely v. Washington
(2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. Because the statutory sentencing scheme in Blakely differs from Ohio's sentencing scheme, Blakely is inapplicable and does not render Ohio's sentencing scheme unconstitutional. Second, Sideris argues that the trial court's factual findings regarding the seriousness of the offense and his recidivism risk erroneously led the court to choose a prison term, as opposed to community control sanctions or a lesser prison term. Because the record contains sufficient facts to support the court's findings that Sideris's offenses were more serious than the norm, the trial court was authorized to impose a prison term. Moreover, simply because the court found that Sideris posed a low recidivism risk does not mean that it was unable to impose a prison term beyond the minimum. Third, Sideris asserts that the trial court failed to comply with the sentencing statutes when it failed to presume that the minimum term would be appropriate. Because the record shows that the court recognized this presumption and found facts justifying a departure, Sideris's third argument is without merit. Fourth, Sideris argues that at the sentencing hearing, the prosecutor committed misconduct by failing to recommend the two-year sentence that the state and Sideris allegedly had agreed to during plea negotiations. Because Sideris did not object to the state's recommendation at sentencing and because the plea entry Sideris signed specifically recites that the state did not promise any particular sentence, his argument is without merit. Furthermore, the facts Sideris alleges to support this claim are not contained in the record, and, thus, to this extent, we cannot consider this assignment of error. Therefore, we affirm the trial court's judgment.
 {¶ 2} In the spring of 2003, Ohio University Police Officers discovered 97.95 grams of marijuana, 226.07 grams of psilocybin mushrooms, and $280 in Sideris's dorm room. The Athens County Grand Jury later returned an indictment charging Sideris with four counts of trafficking in marijuana, one count of trafficking in drugs, and one count of possession of drugs. Sideris pled not guilty.
 {¶ 3} The state subsequently agreed to amend one of the counts from a second degree felony to a third degree felony and Sideris then pled guilty to all counts. The plea entry recited that: (1) Sideris understood the total maximum prison term could be ten and one-half years and it outlined the possible penalties for each offense; and (2) "No promises have been made except as part of this plea agreement, stated entirely as follows: a presentence investigation will be ordered; at sentence each party may argue for any sentence they wish." Significantly, nothing in the plea entry recited that the state agreed to recommend any specific prison term.
 {¶ 4} At the sentencing hearing, the state recommended that the court impose concurrent prison terms of (1) eleven months on the four F-5 trafficking in marijuana counts; (2) seventeen months on the F-4 trafficking in drugs count; and (3) three years on the F-3 possession of drugs count. Sideris did not object.
 {¶ 5} Before sentencing Sideris, the court recognized his lack of prior criminal activity, the commendation letters sent on his behalf, and his status at the time of the offense as an eighteen year old Ohio University college student. The court further observed that Sideris had been an Eagle Scout and did not seem to fit the typical felony offender profile. However, the court stated: "[O]n the other hand, the Court looks at your uh, the crime that was involved here and uh, notes that this was a business. I think that characterization by the State was appropriate. You told the officers about your supplier, that you had people that you sold to, that you sold to the undercover person four different times in the course of, less than a month it looks like. Th[e]n they found a lot of drugs in your room at the time the search warrant was issued. The Court has considered the principles and purposes of sentencing. The Court finds that the possession of drug, third degree felony count for the large, possession of large quantity count of mushrooms which were 226.07 grams. I've mentioned the four sales. You had 23.41 grams of marijuana in one area of your room and another 16 baggies of 74.54 grams in another area. The scales, a smoking pipe, the paraphernalia, jar of seeds. The Court finds that those factors uh, balanced with what the information that you have given uh, the information that you have given me does not overcome the presumption of prison."
 {¶ 6} The court noted that the recidivism factors indicate that Sideris is less likely to recidivate, but that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. The court found that Sideris' drug trafficking was "a big business," and noted that he sold marijuana on four different occasions in less than one month. As reasons for finding that the shortest term would demean the seriousness of the offense and would not adequately protect the public, the court cited the large amount of drugs recovered from his dorm room, the drug paraphernalia, and that Sideris appeared to be operating a business and had ten customers.
 {¶ 7} The court's sentencing entry reflects that it considered R.C.2929.11, 2929.12, and 2929.13 and determined that Sideris had not overcome the presumption that a prison term is appropriate for an F-3. The court found that the facts Sideris admitted to showed that he is in the business of selling drugs. The court further determined that Sideris is (1) not amenable to community control, (2) that a prison sentence is consistent with the purposes and principles of sentencing, and (3) that a minimum sentence would demean the seriousness of the offense and not adequately protect the public.
 {¶ 8} Sideris timely appealed his conviction and assigns the following errors: "First Assignment of Error: The court's additional finding of facts and resulting increase in sentencing violated Mr. Sideris'Sixth Amendment right to have any fact increasing his penalty submitted to a jury. Second Assignment of Error: The trial court erred in stating there was a presumption of imprisonment for a third-degree felony, as well as in making its findings relating to the seriousness of the offense and the risk of recidivism, and therefore in its decision to imprison the defendant. Third Assignment of Error: The trial court erred by failing to acknowledge the presumption in favor of imposing the minimum sentence on the defendant, who had not served a prior prison term, and in failing to impose that minimum sentence. Fourth Assignment of Error: The defendant was denied his constitutional right to due process of law at the sentencing hearing because of prosecutorial misconduct."
 I {¶ 9} In his first assignment of error, Sideris contends that the trial court found additional facts to increase his sentence beyond the statutory minimum, which violates the holding in Blakely v. Washington
(2004), 124 S.Ct. 2531, 159 L.Ed.2d 403, and renders his sentence unconstitutional. He notes that under Ohio law, in order to impose a greater-than-minimum sentence on a first time felony offender, a trial court must expressly find that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." See R.C. 2929.14(B)(2). He asserts that when the court chose to increase his sentence from the statutorily-prescribed minimum, it necessarily found these additional facts to justify the departure. Sideris argues that under Blakely, he is entitled to have a jury decide whether these facts justify a departure from a minimum sentence. He contends that because R.C. 2929.14(B)(2) requires a trial court, rather than a jury, to find certain factors before imposing a non-minimum sentence, it violates the rule in Blakely
that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." Blakely,124 S.Ct. at 2536.
 {¶ 10} In Blakely, the court held that the State of Washington's sentencing scheme violated Blakely's Sixth Amendment right to a jury trial by allowing a trial judge to exceed the standard range of prison terms if the judge found "`substantial and compelling reasons justifying an exceptional sentence.'" Id. at 2535 (quoting Wash.Rev.Code.Ann. 9.94A.120(2)).
 {¶ 11} The primary reason for its decision was that "[t]he facts supporting [the trial court's deliberate cruelty] finding were neither admitted by [Blakely] nor found by a jury." Id. at 2537. The court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2536, quoting Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435.
 {¶ 12} The court further held that the "statutory maximum" for purposes of Blakely and Apprendi is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Id. at 2537. The court concluded that by allowing a trial judge to find additional facts justifying an upward departure from the standard range, Washington's sentencing procedure violated Blakely'sSixth Amendment right to a trial by jury.
 {¶ 13} The United States Supreme Court recently reaffirmed itsBlakely holding in United States v. Booker (2005), 543 U.S. ___,125 S.Ct. 738. Booker held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a jury trial and thus, are unconstitutional.
 {¶ 14} The Booker court reaffirmed its prior holding and stated that a jury must determine "`facts that raise a sentencing ceiling' in state and federal sentencing guidelines systems." Booker, quoting Jones v.United States (1999), 526 U.S. 227, 251 fn. 11, 119 S.Ct. 1215, 143 L.Ed.2d 311. The court explained: "`If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt.'" Booker, quoting Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428, 153 L.Ed.2d 556. After concluding that to avoid constitutional infirmities, the Federal Sentencing Guidelines should be construed as discretionary, the court remanded Booker's case for re-sentencing.
 {¶ 15} Here, Ohio's sentencing statutes do not violate Booker orBlakely. We deal here with a sentence that simply goes beyond the minimum. The Ohio statutes prescribe a range of prison terms that a court may impose. In deciding which term to impose, the statutes require the court to consider several factors, such as the seriousness of the offense or the offender's recidivism risk. But, none of those factors would allow a trial court to impose a sentence beyond the "statutory maximum" and none of those factors "raise a sentencing ceiling." Rather, Ohio's sentencing scheme provides judges with statutory factors to consider when exercising their discretion to choose among a statutory range. As theBooker court recognized: "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * * For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker
(citations omitted); see, also, Apprendi, 530 U.S. at 481. ("[N]othing in [the Court's precedent] suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the [statutory] range [.]"); Jones v. Unites States (1999), 526 U.S. 227 ("It is not, of course, that anyone today would claim that every fact with a bearing on sentencing must be found by a jury; we have resolved that general issue and have no intention of questioning its resolution. Judicial fact finding in the course of selecting a sentence within the authorized range does not implicate the * * * jury-trial and reasonable doubt components of the Fifth and Sixth Amendments.").
 {¶ 16} Ohio courts have recognized this concept: "Sentencing determinations related to the unique facts of a crime or the impact of a sentence upon the protection of the public are decisions which have never been consigned to juries." State v. Jenkins, Summit App. No. 22008,2005-Ohio-11, at ¶ 16 (citing State v. Berry, Butler App. No. CA2003-02-053, 2004-Ohio-6027, at ¶ 40, and Griffin and Katz, Ohio Felony Sentencing Law, 482, Section 2.22). "Instead, a judge: `may select any sentence within the range, based on facts not alleged in the indictment or proved to the jury — even if those facts are specified by the legislature, and even if they persuade the judge to choose a much higher sentence than he or she otherwise would have imposed.'" Jenkins,
at ¶ 18, quoting Harris v. United States (2002), 536 U.S. 545, 566,122 S.Ct. 2406, 153 L.Ed.2d 2406. The additional R.C. 2929.14(B) findings necessary to impose more than a minimum sentence on a first time offender are not the type of finding traditionally reserved to a jury. See Statev. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598 and State v.Scheer, Highland App. No. 03CA21, 2004-Ohio-4792. Instead, they are factors relating to the offense and the offender that a trial court considers when exercising its discretion to impose a sentence within the statutory range. See Apprendi, 530 U.S. at 481.
 {¶ 17} Moreover, Judge Griffin and Professor Katz have suggested that provisions such as R.C. 2929.14(B) "are intended only to structure judicial discretion within an indeterminate sentencing scheme and not to set ceilings on sentences as occurred under the Washington statute [reviewed in Blakely]." Griffin and Katz, Ohio Felony Sentencing Law, 482, Section 2.22.
They further suggest that provisions like R.C. 2929.14(B) "involve guidance for determining the impact of a sentence on public protection and proportionality — determinations that have always been made by a judge in deciding fairness and necessity of a sentence. Those are decisions that have never been consigned to juries and, thus, are not governed by the Sixth and Fourteenth Amendments to the United States Constitution." Id.
 {¶ 18} In this case, the trial court sentenced Sideris within the statutory range and did not impose a sentence beyond the statutory maximum. Simply because the court considered certain statutory factors when choosing to impose a non-minimum sentence does not mean that it found additional facts that a jury should have decided. Consequently, his argument that his sentence violates Blakely is meritless.
 {¶ 19} Accordingly, we overrule Sideris's first assignment of error.
 II {¶ 20} In his second assignment of error, Sideris argues that the trial court erred by finding that his offenses were more serious than the norm. He contends that the court failed to consider the seriousness factors on the record and that not one of the R.C. 2929.12 factors shows that his offenses were more serious than the norm. Sideris also complains that the court's finding that his recidivism risk was low should have favored a less restrictive sanction, like community control or a lesser prison term.[1]
 {¶ 21} We may not reverse or modify a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); see, also, State v.Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. We do not substitute our judgment for that of the trial court nor do we simply defer to its discretion. State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody
(Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 22} A trial court imposing a felony sentence "must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 11, citing R.C.2929.11(A). Thus, the court "`shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" Id., quoting R.C. 2929.11(A).
 {¶ 23} R.C. 2929.11(B) requires the court to impose a felony sentence that is "reasonably calculated to achieve the purposes of felony sentencing, `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'" Id., quoting R.C. 2929.11(B). To determine how to accomplish the purposes of felony sentencing, the court must consider the factors set forth in R.C. 2929.12(B) and (C). Id.
 {¶ 24} R.C. 2929.12(A) provides a trial court with some discretion in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A) requires the court to consider specific factors "relating to the seriousness of the conduct," as set forth in R.C.2929.12(B) and (C), and "relating to the likelihood of the offender's recidivism, as set forth in R.C. 2929.12(D) and (E). In addition to the factors specifically enumerated, R.C. 2929.12(B) through (E) allow the trial court to consider any other relevant factors.[2]
 {¶ 25} While the trial court must consider the R.C. 2929.12 factors, R.C. 2929.12(A) does not require specific findings as to each particular factor. See State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917;State v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57; see, also,State v. Quinn (1999), 134 Ohio App.3d 459, 731 N.E.2d 276. Instead, "`[i]t will be sufficient that the record support an inference that the court has examined the factors.'" State v. Cody (Oct. 30, 2001), Washington App. No. 00CA56 (quoting Griffin Katz, Ohio Felony Sentencing Law (1999), at 287).
 {¶ 26} Here, the trial court's sentence is not contrary to law and the evidence in the record supports Sideris's sentence. The trial court considered the statutory factors, made the required findings, relied on substantial evidence in the record to support its findings, and properly applied the statutory guidelines.
 {¶ 27} While none of the enumerated R.C. 2929.12(B) seriousness factors appears to be present in this case, the trial court did refer to Sideris's drug trafficking as a "business" and noted that he had ten customers and a large quantity of drugs in his possession. The court further observed that he sold drugs to the same person on four occasions within one month. The court could consider these facts as "other relevant factors" demonstrating the seriousness of Sideris's offenses. These facts certainly show that Sideris's offenses were more serious than an offender who sells a small quantity of drugs only one time. While the facts may not show that Sideris is a "big-time" offender, they establish that he is more than a casual offender.
 {¶ 28} Although Sideris claims that the trial court failed to discuss the R.C. 2929.12(B) factors at the sentencing hearing,[3] the record reflects that the court was aware of the appropriate statute and that it considered the seriousness of Sideris's offenses. Nothing required the trial court to orally recite and discuss each of the seriousness factors and state whether they were or were not present. Instead, the court cited the relevant factors that it found demonstrated the seriousness of Sideris's offenses. Because the court found on the record that Sideris's offense were more serious than the norm, the trial court could reasonably impose a prison term longer than the minimum.
 {¶ 29} Next, Sideris argues that his low recidivism risk mandates community control or a lesser prison sentence. The sentencing statutes give the trial court discretion when balancing an offender's recidivism risk against the seriousness of the offense. In this case, the court apparently determined that while his low recidivism risk weighed against a prison term or a non-minimum term, the seriousness of his offenses outweighed that factor. See State v. Meret, Lucas App. No. L-02-1400,2003-Ohio-5975. In short, a low recidivism risk does not always require a trial court to impose a minimum sentence or community control sanctions. Instead, a low recidivism risk is but one factor that a trial court considers when determining whether a prison sentence is appropriate and the length of that sentence.
 {¶ 30} Accordingly, we overrule Sideris's second assignment of error.
 III {¶ 31} In his third assignment of error, Sideris contends that the court failed to presume that the minimum term would be appropriate. He asserts that the court "thoughtlessly parrot[ed] the statutory language" and did not apply the facts to the statutory factors.
 {¶ 32} Unless the statute mandates a prison sentence, a sentencing court has some discretion in deciding the appropriate sanction that will satisfy the purposes and principles of sentencing. R.C. 2929.11 and R.C.2929.12(A). Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B); see, also, State v. Edmonson (1999), 86 Ohio St.3d 324,325, 715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2); Edmonson,
supra. The trial court is not required to give specific reasons for finding the minimum sentence is inappropriate. Edmonson at syllabus. But, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum for at least one of the two sanctioned reasons. Id. at 326; see, also State v. Mayes,
Gallia App. No. 03CA9, 2004-Ohio-2027.
 {¶ 33} In this case, the trial court complied with R.C. 2929.14(B)(2) when it chose to impose non-minimum sentences. The court found that the shortest prison term would demean the seriousness of the offense and that it would not adequately protect the public. Sideris's argument that the court simply parroted the language of the statute without any analysis is baseless. The court recognized the seriousness of his offenses: (1) he operated his drug trafficking as a business; (2) he sold to the same person on four occasions within the span of one month; (3) he possessed a large quantity of drugs; and (4) he had ten customers. The court reasonably could have concluded that the shortest prison term would not adequately impart to Sideris that his offenses were serious. The court further could have determined that the shortest term would not adequately protect the public from future crime.
 {¶ 34} Accordingly, we overrule Sideris's third assignment of error.
 IV {¶ 35} In his fourth assignment of error, Sideris asserts that he was deprived of his due process rights because the prosecutor engaged in misconduct at the sentencing hearing when he recommended a total prison term of three years. He contends that the prosecutor previously promised to recommend a total prison term of two years.
 {¶ 36} The state asserts that it initially agreed to recommend a two-year prison term, but after Sideris filed a motion to suppress, it withdrew the offer. The state contends that after further plea negotiations, the parties reached no other agreement as to sentence.
 {¶ 37} When a prosecutor induces a defendant to plead guilty based upon certain promises, the prosecutor has a duty to keep those promises. See Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427; State v. Quinn (October 24, 2003), Miami App. No. 02-CA-54, 2003-Ohio-5743. When the prosecutor fails to keep those promises, the trial court ordinarily should either require specific performance by the state or allow the defendant to withdraw the plea.State v. Simpson (2004), 158 Ohio App.3d 441, 443, 816 N.E.2d 609.
 {¶ 38} Sideris's assertion that the prosecutor breached the plea agreement, which entitles him to withdraw his plea or specific performance, is meritless. First, when the state recommended the three-year prison sentence at the hearing, Sideris did not object. Second, Sideris's plea agreement does not recite that the state agreed to recommend any particular sentence. Nothing in the record shows that the state promised to recommend a two-year prison term. Finally, to the extent Sideris's assignment of error rests upon evidence outside the record,[4] we may not consider it on direct appeal.
 {¶ 39} Accordingly, we overrule Sideris's fourth assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 APPENDIX {¶ 40} Under R.C. 2929.12(B), the presence of the following factors requires the trial court to consider the offender's conduct more serious than conduct normally constituting the offense: "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim; (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense; (3) The offender held a public office or position of trust in the community, and the offense related to that office or position; (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others; (6) The offender's relationship with the victim facilitated the offense; (7) The offender committed the offense for hire or as a part of an organized criminal activity; (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11,2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."
 {¶ 41} R.C. 2929.12(C) directs the trial court to consider the following factors as indicating that the offender's conduct is less serious than conduct normally constituting the offense: "(1) The victim induced or facilitated the offense; (2) In committing the offense, the offender acted under strong provocation; (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property; (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 42} R.C. 2929.12(D) sets forth the factors that lead to a finding that the offender is likely to commit future crimes: "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from postrelease control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions; (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions; (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; (5) The offender shows no genuine remorse for the offense."
 {¶ 43} R.C. 2929.12(E) provides that the presence of the following factors indicates that the offender is not likely to commit future crimes: "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child; (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense; (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years; (4) The offense was committed under circumstances not likely to recur; (5) The offender shows genuine remorse for the offense."
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Sideris also challenged the trial court's finding that a presumption of imprisonment exists for a third degree felony. However, in his reply brief, he has conceded that this presumption exists. See R.C.2925.11(C)(1)(b). Therefore, we consider this part of his second assignment of error withdrawn.
[2] See Appendix for a summary of the provisions of these statutes.
[3] See Comer, supra (stating that the trial court must make its statutorily enumerated findings on the record at the sentencing hearing when imposing a non-minimum prison term upon a first time offender).
[4] Sideris attached a December 30, 2003 letter to his appellate brief in which the prosecutor "propose[d] that [Sideris] plead guilty as charged. I would recommend that all counts run concurrent for a respective sentence of two years in the state penal system." This letter does not appear in the trial court record and we cannot consider evidence that is not in the trial court record.