OPINION
{¶ 1} Defendant-appellant James R. Barger appeals from his sentence for Trafficking in Marijuana, following a guilty plea. He contends that the trial court erred in its application of the relevant sentencing factors regarding seriousness and recidivism. In the alternative, Barger contends that, if the trial court did not err by imposing a prison sentence, it did err by failing to impose the minimum possible sentence.
 {¶ 2} We conclude that the trial court erred in sentencing. Specifically, the trial court stated at the sentencing hearing that it would find in favor of Barger with regard to the recidivism factors, but ruled conversely in its subsequent judgment entry. The trial court also incorrectly found that the "victim" had suffered harm. This offense consisted of sales to a confidential informant acting under the control of the authorities. Thus, there was no victim of this particular offense. Accordingly, the sentence is reversed, and this cause is remanded for resentencing.
 I {¶ 3} Following the sale of marijuana to a confidential informant, James Barger was indicted on eight counts of Trafficking in Marijuana, in violation of R.C.2925.03(A)(1)(C)(3)(d). Pursuant to agreement, he pled guilty to three counts of Trafficking in Marijuana, all felonies of the third degree. The remainder of the charges were dismissed.
 {¶ 4} The matter proceeded to a sentencing hearing at which time the trial court made the following statements and findings:
 {¶ 5} "State law requires the Court to make certain findings and give certain reasons for doing things. There is less necessity for findings and reasons on Division C third degree felony type of offense, but the Court believes that fairness requires the Court to explain the basis for its sentencing in the case.
 {¶ 6} "* * *
 {¶ 7} "Shortest sentence was not imposed because the shortest sentence would demean the seriousness of the offenses and would not adequately protect the public. There is no maximum sentence or consecutive sentence.
 {¶ 8} "The Court finds the sentence is commensurate with and not demeaning to the seriousness of the Defendant's conduct and its impact on the victim, the impact and the victim is society in general and any individuals that will acquire the items that were being sold.
 {¶ 9} "The Court finds this sentence is consistent with sentences for similar crimes by similar Defendants. The Court notes that it adopts the information presented by the State in Court here in the sentencing information of presentation.
 {¶ 10} "It is the opinion of the Court that this would be the largest and most significant drug abuse transaction in this Court since the memory of man, runneth not to the contrary.
 {¶ 11} "The Court finds that the sentence is not based on the Defendant's race, ethnicity, gender or religion.
 {¶ 12} "The Court finds that the victim suffered serious physical and psychological harm, the victim is society in general. The victim would have been individuals who utilize the substance had it not been purchased by undercover agents.
 {¶ 13} "The Court finds the Defendant's reputation was used to facilitate the offense, most likely to influence others' conduct. The Defendant has a reputation of being a hard-working, industrious individual and many individuals had placed their trust in him and the Defendant violated that trust.
 {¶ 14} "The Court finds that the Defendant's relationship with the victim facilitated the offense.
 {¶ 15} "The Court finds that the Defendant acted for hire and as part of organized criminal activity. It was not mob activity, to our knowledge, but the Court believes the concept of organized criminal activity applies to the present situation where there were numerous sales, large sales. There is evidence that the Defendant acted for hire, there is a statement by the Defendant that I believe he said he only netted $1,000.00 out of the situation.
 {¶ 16} "The Court finds specifically that the amount of drugs, the size of the operation was an important factor in considering sentencing.
 {¶ 17} "The Court finds that the Defendant did cause or expected to cause harm to persons because of the substance of his involvement, the fact that the substance was being placed into circulation.
 {¶ 18} "* * * The Court finds that the Defendant has a history of criminal conviction. It is a substance abuse conviction.
 {¶ 19} "The Court finds that the Defendant shows no genuine remorse. * * *
 {¶ 20} "The Court's undecided whether recidivism is more likely. When the Court is undecided, it means that that issue goes in favor of the Defendant."
 {¶ 21} Following the hearing, the trial court issued a Journal Entry of Judgment, Conviction and Sentence, wherein it sentenced Barger to three concurrent prison terms of three years each. As part of its reasoning in the judgment, the trial court noted that it found that recidivism was more likely.
 {¶ 22} From this sentence, Barger appeals.
 II {¶ 23} Barger's First Assignment of Error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE."
 {¶ 25} Barger contends that the trial court erred in sentencing. In support, he argues that the trial court erred in its consideration of the seriousness and recidivism factors set forth in R.C. 2929.12.
 {¶ 26} We begin by noting that an appellate court reviewing a sentence imposed by the trial court may "vacate the sentence and remand the matter to the sentencing court for resentencing" only if it finds by clear and convincing evidence that "the record does not support the sentencing court's findings" or "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) 
(b). We conclude that the record in this case does not support the trial court's findings and that it is thus, contrary to law.
 {¶ 27} The offense of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1)(C)(3)(d) is a felony of the third degree, and can carry a prison sentence of one, two, three, four, or five years in prison. R.C. 2929.14(A)(3). Pursuant to R.C. 2929.13(C), there is no presumption in favor of either community control or a prison sentence for third-degree felonies. Instead, when deciding whether to impose a prison sentence for a third-degree felony, the court is directed by R.C. 2929.13(C) to comply with the purposes and principles of sentencing under R.C. 2929.11, and to consider the seriousness and recidivism factors defined in R.C. 2929 .12.
 {¶ 28} R.C. 2929.12(B) provides that the sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and other relevant factors, indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 29} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 30} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 31} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 32} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 33} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 34} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 35} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 36} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 37} "(9) If the offense is a violation of section 2919.25,2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation . . ."
 {¶ 38} Of concern in this case, is the fact that the trial court found that the victim had suffered serious physical and psychological harm. Barger contends that since he did not sell drugs to anyone except a confidential informant, the trial court erred by finding harm to a victim. The State contends otherwise, arguing that the trial court properly noted that the "victim" in this case is "society in general," and that society can be harmed by the sale of drugs. In support, the State cites the case ofState v. Martinez, Wood App. No. WD-01-027, 2002-Ohio-735, for the proposition that although a drug seller may "not have known who the ultimate victims of his marijuana trafficking were," a trial court does not err in considering the "long-term effect of drug trafficking on the community."
 {¶ 39} While we agree that society in general is harmed by the sale of illicit substances, we cannot agree that the trial court's findings with regard to the harm to the victim in this case are supported by the record or the law. Martinez is distinguishable. In Martinez, the defendant sold marijuana to members of the general public, as well as to undercover agents. In this case, Barger sold solely to a confidential informant acting under the control of the authorities. The drugs Barger sold were never disseminated to the general public, so there was no victim to be harmed. The informant had no intention of using the drugs in a way that might be harmful to him, and neither did anyone else.
 {¶ 40} Second, we note that the language employed by the trial court can be construed as indicating that the judge viewed the victim as a discrete entity, other than society in general. Specifically, the trial court found that the victim suffered serious physical and psychological harm. The trial court also indicated that it viewed the victim as those individuals who might have purchased the marijuana but for the fact that it was purchased by State agents. There is nothing in the record to identify any potential individual buyers, and there is nothing to demonstrate that Barger's sale to an agent of the State caused physical or psychological harm to anyone.
 {¶ 41} We agree with the State that the mere fact that an actual victim who is harmed by a criminal act cannot now be identified is immaterial. Thus, if it could be proven that Barger sold marijuana to persons for them to use, or for resale to consumers, it would not matter that the identity of these persons could not be established. But that is not the case here.
 {¶ 42} To be sure, Barger presumably did not know that he was selling marijuana to an agent of the State. He presumably believed that he was selling marijuana for ultimate use. Thus, he could be said to have intended, either actually or constructively, to harm the persons who would ultimately use the drugs. Fortunately, that intent was frustrated by effective law enforcement. In this respect, the offense in this case is not unlike an unsuccessful attempt to commit an offense that would cause physical harm if it were actually committed. That offense, like the one in this case, would be a criminal act, subject to a serious criminal sanction, but it would not, in fact, involve actual harm to a victim.
 {¶ 43} As for the State's argument, which the trial court seems to have accepted, that the victim in this case should be seen as society as a whole, that argument is valid in this case only in the sense that every criminal act can be seen as having the whole of society as its victim. But that obviously argues too much. The point of the serious-harm-to-a-victim factor is to distinguish certain criminal offenses as more serious than others for sentencing purposes. If every criminal offense were viewed as harming society as a whole, this factor would lose its distinguishing characteristic, and become meaningless.
 {¶ 44} We are also troubled by the fact that the trial court found that Barger's relationship with the victim facilitated the offense. As noted, Barger did not sell to anyone except a confidential informant, with whom there is no indication he had a relationship. The State argues that Barger's position of prominence and respect in his locality facilitated his commission of the offense. We seriously doubt that Barger would have found it more difficult to persuade the informant agents to buy marijuana from him had Barger enjoyed a lesser reputation in his community.
 {¶ 45} Trial courts are vested with discretion to determine the appropriate sentence for criminal offenders. Sometimes this discretion is limited to determining, from a list of possible prison terms, the appropriate amount of time an offender should be imprisoned. However, in this case, the trial court is vested with ever greater discretion, because it is not limited to imposing the appropriate prison term, but must also decide, in its discretion, whether Barger should go to prison at all. Given the extent of the discretion to be wielded by the trial court in this case, we cannot say that the error in the court's legal reasoning demonstrated in this record, including, specifically, its conclusion regarding the harm to the victim, is harmless.
 {¶ 46} Additionally, as stated above, during the sentencing hearing the trial court noted that it was undecided whether recidivism is more likely and that this issue would therefore be resolved in Barger's favor. However, in its judgment entry, the trial court found that Barger was likely to re-offend, and considered that as part of the basis of its decision to impose a prison sentence. We conclude that this also is error. See, R.C.2929.19(B)(2)(a). Especially in the aftermath of State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, which held that the trial court's sentencing calculus must be set forth at the sentencing hearing, where the defendant may have an opportunity to refute it, a significant, unexplained discrepancy between the trial court's findings at the sentencing hearing and its findings in the judgment entry cannot be ignored.
 {¶ 47} Barger's First Assignment of Error is sustained.
 III {¶ 48} Barger's Second Assignment of Error is follows:
 {¶ 49} "IF IMPOSING A PRISON SENTENCE WAS PROPER, THE TRIAL COURT ERRED WHEN IT DID NOT IMPOSE THE MINIMUM SENTENCE."
 {¶ 50} Barger contends that if we conclude that the trial court did not err by imposing a prison sentence, we must conclude that it abused its discretion by imposing more than the minimum sentence.
 {¶ 51} Given our disposition of Barger's First Assignment of Error, in Part II, above, we conclude that this assignment of error is rendered moot. Accordingly, the Second Assignment of Error is overruled as moot.
 IV {¶ 52} Barger's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled as moot, the sentence is Reversed, and this cause is Remanded for resentencing.
Wolff and Donovan, JJ., concur.