OPINION
{¶ 1} James R. Barger appeals from his convictions in the Champaign County Common Pleas Court of three counts of trafficking of at least 1,000 grams of marijuana and less than 5,000 grams of marijuana, a third degree felony. Barger was sentenced to three concurrent three-year sentences.
 {¶ 2} This is Barger's second appeal. The trial court previously imposed the same sentence and we reversed the trial court's judgment because we found the trial court actually found in Barger's favor with regard to recidivism factors and because the trial court incorrectly found that the "victim" had suffered harm despite the fact Barger sold the marijuana to an undercover police officer. See State v. James R. Barger (December 16, 2005), Champaign App. 2005-CA-7, 2005-Ohio-6667.
 {¶ 3} Barger's assignment of error is as follows:
 {¶ 4} THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A NONM-INIMUM PRISON TERM OF THREE YEARS UPON EACH OF APPELLANT'S THREE CONVICTIONS FOR TRAFFICKING IN MARIJUANA, WITHOUT PROPERLY CONSIDERING THE PURPOSE OF SENTENCING AS REQUIRED BY R.C. 2929.11
AND FOR NOT PROPERLY CONSIDERING FACTORS RELATING TO THE SERIOUSNESS OF THE OFFENSE AND RECIDIVISM OF THE OFFENDER AS REQUIRED BY R.C. 2929.12.
 {¶ 5} Specifically, Barger contends that the trial court erred in imposing a prison sentence and in not imposing community control sanctions without properly considering the statutory factors listed in his assignment of error.
 {¶ 6} In sentencing Barger, the trial court reviewed anew the sentencing factors all courts are required to consider in determining an appropriate sentence. The court noted the sentence imposed on Barger was commensurate with and not demeaning to the seriousness of Barger's conduct and the punishment was consistent with the sentences imposed for similar crimes by similar defendants. The court noted the shortest sentence would demean the seriousness of the offenses and would not adequately protect the public. The court stated Barger was not amenable to an available community sanction. The court then stated as follows:
 {¶ 7} "The Court finds that the following factors either exist or do not exist.
 {¶ 8} "The Defendant held a position of trust in the community and the offense was related to that position. Defendant regularly worked with youth in the community. Drug sales undermine legitimate youth activities.
 {¶ 9} "Of great significance is the Defendant acted for hire and as part of organized criminal activity.
 {¶ 10} "The Defendant has a history of criminal conviction. Defendant shows no genuine remorse.
 {¶ 11} "The Court finds that Defendant was untruthful with law enforcement officials in the investigating process. The Defendant did not cooperate with law enforcement about the source of marijuana.
 {¶ 12} "The more serious factors, the Court continues to find that there were multiple separate buys — somewhere between nine and separate buys in large amounts. The Court finds that those amounts are verified by the restitution that has been paid by the Defendant and distributed by the prosecutor's office in the Court order.
 {¶ 13} "Concerning less serious factors, the Court finds that several are significantly absent. The Court finds that there was no victim that induced or facilitated the offense. The Court recognizes that there was a buy by a confidential informant. The Court doesn't believe that's the inducement or facilitation that's talked about in sentencing factors.
 {¶ 14} "The Court finds that the Defendant did not act under strong provocation. The Court finds that there are no substantial grounds to mitigate the Defendant's conduct."
 {¶ 15} As to the recidivism factor the court found that Barger had a history of a criminal conviction, had not responded favorably to the previous sanction and he had not shown genuine remorse for his crime. The court stated the number of drug sales Barger made coupled with their amounts (25,000) indicated a likelihood Barger would re-offend. The court also noted the amount of drugs sold by Barger made the offenses more serious and was indicative of likely recidivism. The court noted that Barger's status in the community facilitated his offense.
 {¶ 16} The court stated the reason it imposed more than the minimum sentence was the amount of marijuana sold by Barger. The court also noted that Barger was not "forthright" in dealing with the authorities regarding the sources of the marijuana and that was another reason the court imposed more than the minimum sentence. The court also noted that Barger's sales was the largest marijuana sale known to Champaign County.
 {¶ 17} Barger argues that the trial court erred in sentencing him to prison without taking into account the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Barger argues that the trial court should not limit itself to Champaign County when it observed that "this would be the largest and most significant drug abuse transaction in this Court since the memory of man . . ." Barger argues the amount of the controlled substance has already been accounted for by it being classified by the legislature as a third degree felony.
 {¶ 18} Barger argues that it was improper for the trial court to penalize him for having a good reputation by then stating that he violated the trust the community had in him. Also he argues there was no evidence that he "acted for hire or as part of organized criminal activity."
 {¶ 19} The State argues that the trial court did properly consider the factors set forth in R.C. 2929.11 and 2929.12 and that Barger's sentence was appropriate and within the court's sentencing discretion. The State cited the full discretion accorded trial courts by the Supreme Court in State v. Foster,109 Ohio St.3d 1, prohibits a defendant from arguing that his punishment is disproportionate to or inconsistent with that received by similarly situated offenders. In any event, the State argues that the defendant must demonstrate that his sentence is grossly disproportionate to ones received by substantially similar offenders. State v. Ryan, Han. App. No. C-020283, 2003-Ohio-1188.
 {¶ 20} The State notes that Barger provided the court no evidence that his sentence was disproportionate to others similarly situated.
 {¶ 21} While Barger filed a sentencing memorandum with the trial court, it makes no mention of the sentences imposed by other courts for similar crimes. As this Court noted in State v.Bell (Feb. 18, 2005), Greene App. No. 2004-CA-5, 2005-Ohio-655, "[A]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id. at ¶ 140, quoting State v. Roberts, Cuyahoga App. No. 84070, 2005-Ohio-28, at ¶ 60. In the present case, Barger offered no evidence as to the sentences imposed by other courts for multiple counts of trafficking more than 1,000m but less than 5,000 grams of marijuana. Nor did he offer any evidence as to the sentences imposed by other courts for third degree felonies, in general, regardless of the type of offense.
 {¶ 22} The State also notes that the trial court called attention to Barger's lack of candor with law enforcement authorities and his failure to reveal his supplier for the marijuana.
 {¶ 23} We have reviewed the pre-sentence investigation report submitted by the State of Ohio Parole Authority. Barger informed the parole officer that he sold the marijuana in order to pay his supplier after his secretary embezzled $75,000 from his company. Barger told the parole officer an individual providing construction work on his farm asked him if he could get him some marijuana. He told the parole officer he had smoked marijuana with the individual who supplied him with the marijuana. At the sentencing the trial court found that Barger did not cooperate with law enforcement in identifying the source of the marijuana he sold to the undercover officer.
 {¶ 24} An appellate court reviewing a sentence imposed by the trial court may "vacate the sentence and remand the matter to the sentencing court for resentencing" only if it finds by clear and convincing evidence that "the record does not support the sentencing court's findings" or "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) (b). We conclude that the record in this case does support the trial court's findings and that it is thus, not contrary to law.
 {¶ 25} The offense of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(d) is a felony of the third degree, and can carry a prison sentence of one, two, three, four, or five years in prison. R.C. 2929.14(A)(3). Pursuant to R.C. 2929.13(C), there is no presumption in favor of either community control or a prison sentence for third-degree felonies. Instead, when deciding whether to impose a prison sentence for a third-degree felony, the court is directed by R.C. 2929.13(C) to comply with the purposes and principles of sentencing under R.C. 2929.11, and to consider the seriousness and recidivism factors defined in R.C.2929.12.
 {¶ 26} The trial court imposed a sentence in the mid-range for a third-degree felony and made the sentences concurrent for the three separate counts in the indictment. The court noted the shortest sentence would demean the seriousness of Barger's offenses. The amount of controlled substance involved was substantial and they were sold for $25,000. The court noted there were actually nine separate sales which is verified by the restitution made by Barger. The court noted there were no substantial grounds to mitigate Barger's conduct. The court noted that Barger would likely reoffend because of the number of sales involved and their dollar volume. The court stated a more than minimum sentence was appropriate because actions were part of an organized criminal activity and he refused to identify his drug source. The court also stated it did not find Barger genuinely remorseful.
 {¶ 27} We are satisfied the trial court properly considered the relevant statutory sentencing factors and we do not find by clear and convincing evidence that the record does not support the trial court's findings or that the sentences imposed are contrary to law. The assignment of error is Overruled. Judgment Affirmed.
Wolff, J., and Fain, J., concur.