OPINION
{¶ 1} This is an appeal by defendant-appellant, Virsna Sieng, from an entry of the Franklin County Court of Common Pleas, which re-sentenced appellant following the Ohio Supreme Court's remand of his original sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} On January 29, 2003, appellant was indicted for trafficking in cocaine in an amount equal to or exceeding 100 grams but less than 500 grams, in violation of R.C. 2925.03. The case was tried before a jury, which returned a verdict finding appellant *Page 2 
guilty as charged. By judgment entry filed April 27, 2004, the trial court sentenced him to seven years incarceration and imposed a mandatory fine of $15,000.
 {¶ 3} Appellant appealed his conviction, and in State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, this court affirmed the trial court's judgment. The Ohio Supreme Court subsequently remanded the case to the trial court for re-sentencing pursuant to its decision inFoster, supra. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 38.
 {¶ 4} On July 20, 2006, the trial court conducted a new sentencing hearing. By entry filed July 25, 2006, the court sentenced appellant to a seven-year term of incarceration. The trial court filed a corrected entry on August 9, 2006.
 {¶ 5} On appeal, appellant sets forth the following two assignments of error for review:
 Assignment of Error No. 1:
 The court of common pleas violated Defendant-Appellant's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, which incorporates principles of the Ex Post Facto Clause of Article I, § 10, by re-sentencing him to a prison term that exceeded the "maximum" sentence which could be imposed under the laws in effect at the time of his offense before applying any sentence enhancement factors found to be unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 Assignment of Error No. 2:
 The seven year prison term to which Defendant-Appellant was re-sentenced for the second degree felony of trafficking in cocaine is contrary to law because the court of common pleas misapplied the statutory seriousness and recidivism factors in the following respects: (a) the court relied upon factors which did not indicate that Defendant-Appellant's *Page 3 
criminal conduct was "more serious" than conduct normally constituting the offense of trafficking in cocaine, (b) the court relied on the fact of Defendant-Appellant's imprisonment for a felony conviction which was subsequently reversed on appeal as a factor indicating he was more "likely" to re-offend, and (c) the court, in assessing risk of recidivism, failed to weigh Defendant-Appellant's remorse and positive change of attitude as of the date of the re-sentencing hearing against his untruthfulness and negative demeanor when he testified in his own behalf at trial more than two years earlier.
 {¶ 6} Under his first assignment of error, appellant contends that the retroactive application of Foster to his sentencing is in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. However, subsequent to the time for submitting briefs in this case, this court addressed and rejected (in various cases) the issue raised by appellant. See, e.g., State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18 ("the remedial holding ofFoster does not violate appellant's due process rights, or the ex post facto principles contained therein"); State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 9 ("the severance remedy chosen by the Supreme Court of Ohio in Foster does not violate ex post facto or due process principles"); State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9 (noting that this and other Ohio appellate courts have held that "the application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process, or operate as an ex post facto law").
 {¶ 7} Accordingly, based upon the above authority, appellant's first assignment of error is without merit and is overruled.
 {¶ 8} Under this second assignment of error, appellant challenges the trial court's seven-year sentence for trafficking in cocaine, a second-degree felony. Appellant argues *Page 4 
that the court, during the re-sentencing hearing, misapplied the statutory seriousness and recidivism factors under Ohio's sentencing guidelines.
 {¶ 9} Following its decision in Foster, supra, the Ohio Supreme Court has made clear that, even though a trial court "is no longer compelled to make findings and give reasons at the sentencing hearing," the court nevertheless must "carefully consider the statutes that apply to every felony case," including the factors set forth in R.C. 2929.12 "relating to the seriousness of the offense and recidivism of the offender."State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38.
 {¶ 10} In Foster, supra, at ¶ 37-41, the Supreme Court discussed the factors to be considered under R.C. 2929.12, stating in part:
 * * * R.C. 2929.12 grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider.
 Seriousness factors, i.e., factors indicating that a defendant's conduct is "more serious than conduct normally constituting the offense," include the following considerations: whether the physical or mental injury was worsened "because of the physical or mental condition or age of the victim"; whether the offense caused serious physical, psychological, or economic harm to the victim; * * * whether the defendant's relationship with the victim facilitated the offense; whether the defendant committed the offense for hire or as a part of an organized criminal activity; whether the defendant was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; and whether, for specified offenses, the offense was committed by a household member "in the vicinity of one or more children," and the defendant or his victim is a parent or custodian of at least one of those children. *Page 5 
 Factors indicating that "the offender's conduct is less serious than conduct normally constituting the offense" include whether the victim induced or facilitated the offense, whether there was strong provocation, whether the offender either did not cause or did not expect to cause physical harm to anyone or anything, and whether there are substantial mitigating grounds that do not reach the level of a defense.
 With respect to recidivism factors, the court is required to consider whether the defendant is more or less likely to commit future crimes. Factors that indicate a likelihood of reoffending are whether the defendant was already under the control of the court, whether there are previous adjudicated delinquencies or criminal convictions, whether the defendant has not responded favorably to previous sanctions or attempts at rehabilitation, whether the defendant refuses to acknowledge a drug-or alcohol-abuse problem or refuses treatment, and whether the defendant shows no "genuine remorse."
 Along with "any other relevant factors," factors that indicate that the defendant is not likely to commit future crimes are an absence of delinquency adjudications or criminal convictions, a law-abiding life for a significant number of years before the current offense, an unlikelihood that the circumstances under which the offense was committed will recur, and genuine remorse.
(Footnotes omitted.)
 {¶ 11} Appellant first contends that the trial court erred in considering, during the sentencing hearing, the quantity of the cocaine involved. Specifically, appellant cites the following remarks by the trial court:
 * * * There was a quantity of cocaine involved here. I have been on this bench ten years and I just normally don't see this quantity of cocaine. These cases usually go to the Federal Court. I don't know why this one ended up here. But that is a substantial quantity of misery that's being spread around.
(Tr. July 20, 2006, at 15.) *Page 6 
 {¶ 12} Appellant argues that the offense at issue constituted a second-degree felony due to the actual quantity of cocaine seized. Therefore, appellant maintains, the quantity of the drug was not a factor making his conduct more serious than conduct normally constituting the "offense" of conviction within the meaning of R.C.2929.12(B).
 {¶ 13} Appellant cites no authority for the proposition that a trial court is precluded from considering the quantity of a drug in its analysis of the seriousness of the offender's conduct. The defendant inState v. Barger, Champaign App. No. 2006-CA-12, 2006-Ohio-5559, advanced a similar argument as the one raised by appellant in the instant case. Under the facts of Barger, the trial court, in sentencing the defendant to more than the minimum sentence, cited the amount of drug sold, noting it was "the largest marijuana sale known to Champaign County." Id., at ¶ 16. On appeal, the defendant challenged the sentence under R.C.2929.12, arguing that the amount of the controlled substance had already been accounted for by it being classified by the legislature as a third-degree felony. The court in Barger, however, found that the trial court properly considered the relevant statutory sentencing factors, and that the findings and sentence were not contrary to law, the reviewing court itself noting the "amount of controlled substance involved was substantial[.]" Id., at ¶ 26.
 {¶ 14} In State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055, at ¶ 27, the court held that, although not an enumerated factor under R.C.2929.12(B), the trial court could properly consider the fact the defendant had a "large quantity of drugs in his possession" as part of its consideration of " `other relevant factors' demonstrating the seriousness" of the defendant's offenses. Other Ohio courts have similarly affirmed sentences in which the trial court, in considering the R.C. 2929.12 factors, discussed the *Page 7 
drug quantity at the sentencing hearing. See State v. Carter, Portage App. No. 2003-P-0007, 2004-Ohio-1181, at ¶ 47 (affirming sentence in which trial court, in considering the seriousness and recidivism factors during sentencing hearing, "found that the offense was more serious because of the amount of drugs involved"); State v. Kail, Wyandot App. No. 16-03-06, 2003-Ohio-6312, at ¶ 10-11 (affirming sentence in which trial court found on the record, during sentencing hearing, that the "defendant here was found to possess large quantities of drugs," and that "the seriousness of the offender's conduct would be demeaned `given the large quantity of drugs possessed' "); State v. McGinnis, Medina App. No. 05CA0061-M, 2006-Ohio-2281 (same).
 {¶ 15} Similar to the above authority, in the instant case, we find unpersuasive appellant's contention that the court erred in referencing the amount of drugs involved. Rather, the court could have deemed such fact relevant as part of its consideration of "other relevant factors."Sideris, supra, at ¶ 27.
 {¶ 16} We also find no merit to appellant's contention that the trial court improperly considered the potential harm to the community in considering the drug offense. In support, appellant argues that potential harm to the community is always a factor present in any drug trafficking offense.
 {¶ 17} However, the state argues, and we agree, that the court's comments as to "a substantial amount of misery that's being spread around here" were reflective of the court's expressed concern about the "quantity of cocaine" involved. (Tr. July 20, 2006, at 15.) We do not find such comments to be impermissible. See, e.g., Kail, supra, at ¶ 10 (sentence not contrary to law in which trial court made reference to large quantities of drugs and the fact lives and families are ruined by drug trade); Sideris, supra, at ¶ 27 (trial *Page 8 
court did not err, during sentencing, in considering number of customers and large quantity of drugs in defendant's possession).
 {¶ 18} Appellant next argues that the trial court, in considering the recidivism factors, applied those factors in a manner contrary to law. Specifically, appellant challenges the trial court's statement: "You have been to prison before." (Tr. July 20, 2006, at 15.) Appellant argues that, although he has a history of misdemeanor offenses, the trial court unfairly held a prior felony imprisonment against him; appellant cites the fact he was eventually acquitted of the felony charge for which he was imprisoned.
 {¶ 19} Upon review of the record, we disagree with appellant's characterization of the trial court's reference to prison. At the outset, the pre-sentence investigation report ("PSI") reveals, as noted by the trial court, a "substantial" prior record. (Tr. July 20, 2006, at 15.) Further, the trial court would have been aware, through the PSI report, that: (1) in 1998, a jury found appellant guilty of aggravated robbery, aggravated burglary, kidnapping, and felonious assault; (2) following an appeal, this court reversed and remanded the case; and (3) upon retrial in 2000, appellant was found not guilty.
 {¶ 20} Appellant does not dispute the fact he spent time in prison and, in context, we view the trial court's comment as merely recognizing the fact that, despite having been imprisoned, such experience had done nothing to deter appellant from engaging in criminal conduct subsequent to his release (giving rise to the instant offense). Here, contrary to appellant's suggestion, we do not find that the trial court, in sentencing appellant, based such sentence on the fact of a prior felony conviction for which he was ultimately acquitted (nor did the court specifically reference a felony conviction). Regardless, this court has previously held that " `a sentencing judge may take into *Page 9 
account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted.' " State v. Epley (Aug. 25, 1998), Franklin App. No. 97APA11-1467, quoting United States v.Watts (1997), 519 U.S. 148, 152, 117 S.Ct. 633. See, also, State v.Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 33.
 {¶ 21} In his final argument, appellant cites the trial court's comment, during the hearing, that appellant "appear[ed] to be a completely different person here today than you were when I saw you back in the spring of `04, and I hope that that change is sincere. I hope that." (Tr. July 20, 2006, at 14.) Appellant argues that, despite the court's recognition of the fact he had changed, the court erred by failing to engage in a weighing of any continuing probative value as to appellant's negative attitude and demeanor in 2004, as opposed to his genuine remorse and the different attitude he displayed more than two years later.
 {¶ 22} Appellant's contention that the trial court did not properly consider remorse is unpersuasive. In addition to the above comments, the trial court further stated, during the sentencing hearing:
 * * * And although you seem different today, in 28 years of being in this business, and I don't know how many hundreds of trials I have witnessed, I have never seen a performance like the one that you put on on that witness stand in front of that jury. And I can remember sitting there thinking if this is the way this man is here in this room, I can't imagine what he must be like out on the street. Those things have not changed.
(Tr. July 20, 2006, at 15.)
 {¶ 23} Thus, the trial court, while earlier noting that appellant "appear[ed]" to be a different person, ultimately gave less weight to appellant's statements made during the re-sentencing *Page 10 
hearing when balanced against appellant's prior behavior. It is well-settled that "a trial court is in the best position to address the sincerity and genuineness of a defendant's statements at the sentencing hearing." State v. Johnson, Lake App. No. 2004-L-195, 2005-Ohio-6897, at ¶ 14. Here, the trial judge, who presided over appellant's trial two years earlier, and who also had the benefit of a PSI indicating appellant's lack of remorse, "was entitled to afford little weight to events subsequent to the defendant's first sentencing hearing."State v. Kincaid (Nov. 8, 2001), Cuyahoga App. No. 79526. See, also,State v. Fout, Franklin App. No. 06AP-664, 2007-Ohio-619, at ¶ 12 ("nothing in the applicable sentencing statutes requires the sentencing court to afford leniency to an offender who has completed prison programs or has otherwise availed himself of rehabilitative opportunities while incarcerated").
 {¶ 24} Upon review of the record in this case, we are satisfied that the trial court properly considered the statutory factors in sentencing appellant, and we find no merit to appellant's arguments that the trial court erred in its application of the seriousness and recidivism factors. Accordingly, appellant's second assignment of error is without merit and is overruled.
 {¶ 25} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed. SADLER, P.J., and PETREE, J., concur. *Page 1